No. 20,098.

JULIA A. GORDON, *Appellant,* V. H. A. RUSSELL et al., *Appellees.*

SYLLABUS BY THE COURT.

1. LIMITATION OF ACTIONS—*Action on Joint Note—Corporation—Stock-holders.* Certain stockholders and officers of a corporation borrowed money to be used for such corporation, giving their joint note. Interest was paid for nine years after maturity by one of the makers who was secretary and treasurer of the corporation, with its funds. The corporation did not execute the note. *Held,* that the makers can not under these circumstances avail themselves of the statute of limitations on the theory that they are sureties, and have personally made no payments.

2. PARTIES—*No Surety Without a Principal.* It is not perceived how there can be a surety without a principal.

3. JUDGMENTS — *Revivor — Jurisdiction.* The judgment was rendered October 14, 1914, the motion for new trial being overruled October 27 thereafter. April 22, 1915, the cause was revived as against the administratrix of one of the defendants who had departed this life shortly after the trial below. Notice of appeal was served on the administratrix April 22, 1915. *Held,* that she is in court.

Appeal from Marshall district court; SAM KIMBLE, judge. Opinion filed July 8, 1916. Reversed.

*C. D. Smith,* of Blue Rapids, *W. J. Gregg,* and *J. D. Gregg,* both of Frankfort, for the appellant.

*J. G. Strong,* of Blue Rapids, and *S. D. Bishop,* of Lawrence, for the appellees.

The opinion of the court was delivered by

WEST, J.: The plaintiff sued on a promissory note. From an order sustaining a demurrer to her evidence she appeals. The note, maturing in three months, was executed in 1903 and signed by the defendants who were stockholders in the Electric Plaster Company, for the benefit of which company the money was borrowed and used. Payments were made from time to time, covering the years 1904 to 1912, inclusive. The action was begun October 22, 1912. The defendants pleaded the statute of limitations. The testimony was to the effect that all the

payments were made by the secretary and treasurer of the plaster company out of its funds.

The corporation did not sign the note, and although the money may have been borrowed and used for the benefit of the company we see nothing in the evidence which relieves the defendants from liability upon their written contract signed by them. It is not perceived how there can be a surety without a principal.

The judgment was rendered October 14, 1914. It appears that William Hunter, one of the original defendants, departed this life shortly after the trial in the court below, and that on April 22, 1915, the cause was revived as against his administratrix, Carrie L. Hunter; that on the same day she was served with notice of the appeal. The motion for a new trial was overruled October 27, 1914. The administratrix is properly in court.

The judgment is reversed and the cause remanded for further proceedings in accordance herewith.