No. 31,664

ARTHUR STEVENSON, *Appellee*, v. E. E. GOOD et al., *Appellants*.

(37 P. 2d 41)

Opinion filed November 3, 1934.

C. E. Pile and Payne H. Ratner, both of Parsons, for the appellants.
Chester Stevens and Frank Clampitt, both of Independence, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This is an appeal by defendants from a judgment on two notes. The principal legal questions involved in the defense were ambiguity, accommodation makers, suretyship, material alteration of notes, and statute of limitations.

Fifty-six defendants in this case appeal from a judgment rendered against them in the district court on two notes signed by sixty-four individuals. The petition alleged that said notes were executed and delivered by these defendants on May 13, 1921. One of the notes was made payable to the plaintiff herein, and the other, for the same amount, to his father, which was later assigned to the plaintiff. The petition alleged that the defendants borrowed the money from the plaintiff for the use and benefit of the Farmers Union Coöperative Association of Dennis, Kan. A copy of both the notes was attached to the petition as exhibits A and B. These fifty-six defendants moved to make the petition more definite and certain in several matters, particularly with reference to a notation appearing on each of the exhibits in the following words: "Extended to May 13, 1923." Upon this motion being sustained by the court, the plaintiff amended the petition in several respects and particularly with reference to this notation on the notes by adding the following to each of the counts:

"That at the time and date of the execution and delivery of said note, the following language now appearing upon the face thereof, to wit: 'Extended to May 13, 1923,' was not upon said note, and the indorsements of the payment of interest thereafter made on said note were not at the date of its delivery thereon.

"That at the delivery of said note the words appearing now upon the face of said note in typing, to wit: 'Extended to May 13, 1923,' were not upon said

note. This plaintiff further alleges that some time after the execution and delivery· of said note, the exact date he cannot recall and cannot state more definitely, he left said note with the Dennis State Bank, of Dennis, Kan., for the receipt of interest and payment of the note when due, and for safe-keeping. That said note remained in said bank until said bank closed some time in 1926, a more exact date this plaintiff is unable to state, and at which time plaintiff removed said note from said bank, and at which time he first learned and discovered the above and foregoing words had been indorsed on the face thereof.

"Plaintiff further alleges that he never authorized or in any manner consented to the indorsement of 'Extended to May 13, 1923,' upon the face of said note, and was without any knowledge whatsoever that said indorsement had been made upon said note until he received said note from the officers of the Dennis State Bank when the same was being liquidated and closed some time in 1926. That plaintiff has diligently inquired for the purpose of ascertaining who indorsed said words thereon, but has been unable to learn who indorsed the same upon said note, and plaintiff further avers that he cannot more specifically or definitely allege the facts in reference thereto than as hereinbefore stated."

The defendants moved to strike plaintiff's amended petition from the files, which was denied, then demurred to the petition, and that was overruled. The answer of the defendants to the amended petition, in addition to being a general denial, alleged the nonexistence of the Dennis association on the date the note was executed, denied that the signers were members of the Dennis association, denied the execution of any instrument due May 13, 1923, and pleaded the statute of limitations. The reply was a general denial. Evidence was introduced, and extended findings of fact were made by the trial court. The substance of the earlier ones is that local unions could become members of the Farmers Union Coöperative Association at Parsons, Kan., and that on and prior to the date these notes were executed there existed at Dennis, Kan., such a local union or unit, called the Osage local, and that most if not all the defendants in this case were members of that local union; that the association at Parsons, Kan., at that time had a station and elevator at Dennis, and C. N. Stafford was the local manager thereof; that the notes were signed at a meeting of the local union at Dennis for the purpose of procuring a loan of money to be used to enlarge the business of the Farmers Union Coöperative Association, and then follows Findings Nos. 10, 12 and 13, which, being of special importance in this case, are copied herein and are as follows:

"10. That the defendants, together with others, did make, execute and deliver to F. M. Stevenson their certain written promissory note, dated May 13, 1921, for the sum of $1,250, due one year after date, with interest thereon at the

rate of 6 per cent per annum from date until paid, interest payable semiannually, and which note was executed and delivered for an actual cash consideration of $1,250 paid by the said F. M. Stevenson, and that at the date of the execution and delivery of said note, identified as plaintiff's Exhibit 'D,' the following, to wit: 'Extended to May 13, 1923,' now appearing on the face of said note, was not on said note, and that the aforesaid memorandum now appearing on the face of said note was not on said note until after it became due and payable, and from all of the evidence in the case, the court finds that said memorandum to wit: 'Extended to May 13, 1923,' was not placed upon said note with the knowledge or by the consent of the payee of said note nor of the indorsees thereon, and that this plaintiff, Arthur Stevenson, did not know that said memorandum had been placed on said note until the latter part of 1926 when the Dennis State Bank of Dennis, Kan., was closed and placed in the hands of a receiver and he went to obtain said note from said receiver, said note having theretofore been left with said bank for safe-keeping, but for no other purpose."

"12. That said money evidenced by said notes was borrowed by the individuals who executed said notes and in their individual capacity, and that it was understood between them and the lenders of said money that said loan was to be and is the obligation of the individuals executing said notes, and that said defendants were and are the makers of said notes and are the principals thereon and at the time said loans were made the individual responsibility and liability of the signers of said notes was expressly understood between the payees of said notes and said defendants as makers thereof.

"13. That after said notes were executed and delivered the semiannual interest thereon was paid on or about the due date thereof by C. N. Stafford, manager of the unit of Dennis, Kan., of Farmers Union Coöperative Association, out of the funds of said association, and the same were continued to be so paid from the funds of said association until on or about the 5th day of April, 1922, when many of the defendants and some members of Osage local applied for and obtained a charter from the state of Kansas to do business at Dennis, Kan., as a corporation under the corporate name of 'The Farmers Union Co-op. Ass'n, Dennis, Kan.,' being a separate and distinct corporation from the Farmers Union Coöperative Association with its principal office and place of business at Parsons, and after the organization of The Farmers Union Co-op. Ass'n of Dennis, Kan., the semiannual interest was paid by C. N. Stafford, manager thereof, out of the funds of said association, and the semiannual interest was paid on about the due date thereof until and including the payment due November 13, 1931. That all of the interest payments were made on said notes with the knowledge of the makers of said notes and said notes remained and continued to be a valid and enforceable obligation."

The ambiguity referred to by the appellants is in connection with the argument that defendants are accommodation makers and has reference to "the fact that the money was borrowed for a principal debtor different from the party named by the plaintiff," the former being the Parsons association, and the latter being the Dennis asso-

ciation. The appellant in the same connection states this does not change the legal status of the defendants as accommodation makers in either event, and urges they were only such, citing 8 C. J. 254. This text, of course, correctly states the true definition of an accommodation maker, but its terms do not apply to the facts in this case as found by the trial court in finding No. 12, above quoted, which is supported by the evidence. We fail to see in the pleadings and evidence admissions of the plaintiff that the signers of the notes were accommodating other parties than themselves in executing and delivering these notes. Most of them were at the time the notes were given, and long before, members of a constitutional unit of the Parsons association, and before the notes became due the Dennis unit became a separate and distinct association. Neither is there anything in the pleadings, evidence or findings that would appear to make these signers of the notes in this case anything else than principals, and that they were so understood to be between themselves and the payees of the notes, as several of them testified, and as the court found them to be in finding No. 12.

Appellee cites the case of *Gordon v. Russell,* 98 Kan. 537, 158 Pac. 661, which appears to be almost identical with the facts in this case, where it was held:

"Certain stockholders and officers of a corporation borrowed money to be used for such corporation, giving their joint note. Interest was paid for nine years after maturity by one of the makers who was secretary and treasurer of the corporation, with its funds. The corporation did not execute the note. *Held,* that the makers cannot under these circumstances avail themselves of the statute of limitations on the theory that they are sureties, and have personally made no payments." (Syl. ¶ 1.)

Appellants urge that the record in the Gordon case shows a contemporaneous oral agreement which made the signers principals and not sureties, and that the makers of the note were the borrowers. This matter is further mentioned in the opinion, on page 538, as follows:

"The corporation did not sign the note, and although the money may have been borrowed and used for the benefit of the company we see nothing in the evidence which relieves the defendants from liability upon their written contract signed by them."

Counsel for defendants refer to finding No. 9 in the case at bar where it was found that the makers of these notes knew before the execution thereof the purpose for which the money was being borrowed and that it was to be sent to the Parsons association. The

distinction between the two cases is not sufficiently clear to us and wide enough to make the ruling therein inapplicable to the facts as found in this case.

Appellants cite the case of *Holloway v. Gano,* 125 Kan. 3, 262 Pac. 573, which involved a controversy as to the giving of alternate instructions as to an accommodation maker, where the plaintiff bank receiver claimed the defendant gave the note to the bank for the accommodation of his brother-in-law, and the defendant claimed he signed it to accommodate the bank. All parties claimed defendant was an accommodation maker, but differed as to whom it was given to accommodate. We have no such situation here. The defendants here allege they were accommodation makers, and the plaintiff denies it, and the findings are in favor of the plaintiff.

The next error assigned is that defendants are not liable on the notes because of material alterations in or on both of them by the statement on the front, at the lower left-hand corner, of "Extended to May 13, 1923." Appellants claim plaintiff is bound by his pleading as to this being a part of the original notes because it was set out in the exhibits attached to his original petition as a part of the true copies of the notes. The amended petition alleges plaintiff did not know by whom this indorsement was put on the notes, that it was not on them when they became due, and they were in a bank for safe-keeping for several years until the bank failed. The court both finds and concludes that this was not a material alteration, but was a mere memorandum. We do not see the binding force of allegations of the original petition referring to the attached exhibits as being true copies of the notes so as to conclude the plaintiff from showing he did not put such notation thereon or know who did it. Neither does it appear to be such a part of the written instruments that it could not be explained by oral evidence. We also fail to find at the close of plaintiff's evidence, or elsewhere in the proceedings, as abstracted, any admission concerning the truth of the supposed extension except as to the exhibits being true copies of the notes. Neither do we find there or elsewhere any admission that the defendants were accommodation makers of the notes.

R. S. 52-907 defines what are material alterations of negotiable instruments, and notations such as made by some one on these notes do not seem to be included. It is as follows:

"Any alteration which changes: (1) The date; (2) the sum payable, either for principal or interest; (3) the time or place of payment; (4) the number

or the relations of the parties; (5) the medium or currency in which payment is to be made, or which adds a place of payment where no place of payment is specified, or any other change or addition which alters the effect of the instrument in any respect, is a material alteration."

The evidence and findings are that this notation was not on the notes when they became due. Under the heading of "Alteration of Instruments" in 2 C. J. 1238, it is said:

"A change by one who is merely the custodian of an instrument is at most a spoliation—the act of a stranger—and will not destroy the validity of the instrument, as in the case of a change in a bond by the officer, or his deputy, who is the mere custodian of it; or a change after approval, either by the approving officer or by a party to the instrument with knowledge of such officer; and this is true, although the custodian was formerly the agent for other purposes of one of the parties to the instrument.

"Mere possession does not necessarily import authority to make, or consent to, a material change, unless the relation of the parties may be taken into consideration."

Appellants urge novation by considering the Parsons association as the real debtor, and later the Dennis association, which would constitute novation, but the findings must all be disregarded if either association was ever a debtor of the plaintiff, and, as stated before, there was evidence to support the findings, and particularly that the individual defendants were the debtors at all times at and after executing the notes. Neither does it appear, as urged by appellants, that they are secondarily liable as under R. S. 52-902.

Appellants insist that the statute of limitations bars a recovery on these notes as no interest was paid by these defendants, and that the findings are not supported by sufficient evidence and some of them are inconsistent with others. We think not. In the light of the Gordon case we think the payment of interest by the manager of the union out of its funds will stop the running of the statute of limitations, and that the findings are consistent and justify the conclusions made by the trial court in favor of the plaintiff.

We have carefully considered the further assignments of error in overruling the demurrer of defendants to plaintiff's evidence and also the overruling of the motion for new trial and find no error in either such rulings.

The judgment is affirmed.