PATTERSON *v.* COLLIER.

LIMITATION OF ACTIONS — BILLS AND NOTES — PART PAYMENT— AGENCY.

> The stockholders of a corporation, who join in executing a promissory note for its accommodation, do not, even though it is understood that the corporation shall pay the note, thereby constitute it their agent to make payments upon the indebtedness, so that such payments will arrest the running of the statute of limitations in their favor.

Error to Oakland; Moore, J. Submitted April 7, 1897. Decided May 25, 1897.

*Assumpsit* by John W. Patterson and another against Charles F. Collier, George E. Pomeroy, and others, upon a promissory note. From a judgment for all the defendants except George E. Pomeroy, on verdict directed by the court, plaintiffs bring error. Affirmed.

*Aug. C. Baldwin* and *Edward J. Bissell*, for appellants.

*John H. Patterson, Charles F. Collier, in pro. per.,* and *Clarence Tinker*, for appellees.

HOOKER, J. The defendants were stockholders in a corporation known as the Holly Vinegar & Preserving

Company; defendant Pomeroy being president, and defendant Wilson being secretary, of the concern. In June, 1884, this corporation needed some money, and a conference was had by these defendants with one Seeley, who refused to loan it upon the credit of the company, but consented to furnish it upon the paper of the stockholders; and on June 21st these defendants made their joint note, payable to Daniel Seeley or bearer, for $1,000, payable in one year, with interest at 8 per cent., and obtained $1,000, which was paid over to the vinegar works. Two or three payments were made upon this note by the Holly Vinegar & Preserving Company; one of them being made by or through defendant Pomeroy, against whom the plaintiffs were allowed to recover. It is perhaps inferable that these payments were made with the knowledge of the defendants, and that it was the arrangement, made when the money was borrowed, that the company should pay the note. The defense interposed is the statute of limitations, and the only question is whether the case is taken out of the statute by these payments.

Counsel for the plaintiffs contend that the Holly Vinegar & Preserving Company was made the agent of the defendants to pay this note, and, therefore, that the payments were made on their behalf and by their consent. On the other hand, the defendants insist that the payments were not made for them, or upon their behalf, or by the use of their funds. It is manifest that all parties knew that this was accommodation paper, and that payments made by the vinegar company were made on its own behalf, upon an obligation that it was morally bound to pay, and that the defendants wished and expected it to pay. There is nothing in this that ought to be construed into authority to pledge the defendants' credit. If the case is taken out of the statute by such payment, it is by reason of a technical application of the doctrine of agency. Had the vinegar company signed the note with the defendants, such payment would not have had such effect, under our statute and the decisions

of this court. 2 How. Stat. § 8730. The actual relation of the parties was substantially the same as though the vinegar company had joined in the note. There is nothing in the case that shows that the defendants intended to give the company authority to extend this note beyond the statutory period, and we think the case is within the rule of the case of *Home Life Ins. Co.* v. *Elwell*, 111 Mich. 689, and cases there cited.

The judgment of the circuit court is affirmed.

LONG, C. J., GRANT and MONTGOMERY, JJ., concurred. MOORE, J., did not sit.