HAROLD LAKE *vs.* GEORGE KIMBALL.

Bristol.   October 24, 1932. — November 29, 1932.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Practice, Civil,* Exceptions, New trial.

At the trial of an action of tort for personal injuries against the operator of an automobile, the defendant was called as a witness by the plaintiff and, after, in cross-examination by his own counsel, he had stated that at the time of the accident his operator's license had expired and that he then had been a resident of the State of New Jersey for about five months, he was, subject to exception by the plaintiff, permitted to be asked, "Was it during that time your license expired?" and answered in the affirmative. The evidence on liability was conflicting. The record stated: "The case was submitted to the jury after the charge which was full and accurate as to all material aspects of the case and no exceptions were taken by either party to any part

of it." There was a verdict for the defendant. *Held,* that the exception must be overruled, the record not disclosing that the plaintiff was prejudiced by the admission of the evidence excepted to.

A motion for a new trial is addressed to the sound judicial discretion of the trial judge.

TORT for personal injuries. Writ dated December 21, 1927.

In the Superior Court, the action was tried before *Beaudreau,* J. Material evidence and exceptions saved by the plaintiff are stated in the opinion. There was a verdict for the defendant. The plaintiff alleged exceptions.

*M. Entin,* for the plaintiff.

*F. E. Smith,* for the defendant.

CROSBY, J. This is an action for personal injuries received by the plaintiff through a collision with an automobile alleged to have been negligently operated by the defendant on November 24, 1927. The plaintiff at that time was thirteen years old. It appears from the record that Plymouth Avenue, a main highway in Fall River, is a wide street running in a northerly and southerly direction with a down grade to the north. The defendant at the time of the accident was proceeding in an automobile with a companion along Plymouth Avenue in a northerly direction. The plaintiff, while crossing the avenue from Morgan Street, was struck by the defendant's automobile at or near the corner of the avenue and Nashua Street. The evidence was conflicting upon the questions of due care of the plaintiff and negligence of the defendant. The case was submitted to the jury upon these issues and a verdict was returned for the defendant.

The plaintiff's counsel called the defendant as his first witness and cross-examined him, as he was permitted to do under G. L. (Ter. Ed.) c. 233, § 22. During this cross-examination the defendant testified that he did not have a license to operate an automobile at the time of the accident. At the conclusion of this cross-examination his counsel said to him, "At the time you were operating this automobile . . . your license had expired?" This was admitted by the presiding judge and the defendant replied,

"Yes, sir." The defendant then testified, in substance, that he was a resident of the State of New Jersey at the time of the accident and had been such from the June previous. He was then asked by his counsel, "Was it during that time your license expired?" The question was admitted subject to the plaintiff's exception. The answer was in the affirmative. The exception is without merit. There is nothing to show that the admission of the question, or the answer, could have prejudiced the rights of the plaintiff. It is recited in the record that "The case was submitted to the jury after the charge which was full and accurate as to all material aspects of the case and no exceptions were taken by either party to any part of it." It is manifest that the plaintiff was not prejudiced by the admission of the evidence excepted to.

There was no error in the denial of the plaintiff's motion for a new trial. A motion for a new trial is addressed to the sound judicial discretion of the judge. There is nothing to show that there was an abuse of that discretion in the present case.

*Exceptions overruled.*