McNAMEE, Respondent, v. GRAESE, et al, Appellants.

(245 N. W. 924.)

(File Nos. 7376, 7377. Opinion filed December 20, 1932.)

*Danforth & Davenport,* of Sioux Falls, for Appellant John Marten.

*C. H. McCay,* of Salem, for Appellant Fred Behm.

*Mumford & Mumford* and *Baldwin & Feldhaus,* all of Howard, for Respondent.

POLLEY, J. This action was brought to recover on a promissory note. The note was executed on the 20th day of December, 1920, by the three defendants, H. W. Graese, John Marten, and Fred Behm. At the time of the execution of the note, there was in existence and doing business at Canova, S. D., the Canova Implement Company. The three defendants in this action were the owners of nearly all the capital stock of said implement company, and were the officers and general managers thereof. The company, through these officers, solicited a loan of $5,000 from the plaintiff. Plaintiff consulted his attorney in regard to the matter, and, acting upon the advice of such attorney, refused to make a loan to the implement company, but told the defendants that he would loan them the money if they would all three sign the note. This was agreed upon. The defendants executed and delivered to the plaintiff their joint note for $5,000, and plaintiff gave to them that amount of money. The note was payable some time during the year following its execution, but when it became due defendants were unable to pay it, and they secured from the plaintiff an extension of time for payment until the 1st day of January, 1924. When this new due date came around, they were still unable to pay the note, but they did pay the interest annually down to the year 1930. The last interest was paid some time during the year 1930, and this action was not commenced until during the month of December, 1930.

For their defense, defendants pleaded the six-year statute of limitations (Rev. Code 1919, § 2298), which defense is based upon the following circumstances: The money borrowed by the defendants was, in fact, for the benefit of the implement company, and, as soon as received by defendants, was turned into the treasury of that company and used by it in its business. The interest on the note was paid in the following manner: The plaintiff each year ran an account with the implement company for merchandise. At the next annual meeting of the directors of the company the amount

of plaintiff's account was determined and deducted from the amount of the annual interest due on the note, and the balance of the interest was paid with a check drawn and executed by the company against the company's bank account. Defendants now claim that neither of them ever made any payment on the note or ever paid any interest thereon, and that the note signed by them is a joint and several obligation, and that the rule of law in this state is that payments made by one or more joint debtors do not bind co-obligors, unless the payment is made under their express direction.

Judgment was for the plaintiff against all three defendants. Defendants Marten and Behm took separate appeals from the judgment, but by stipulation the two appeals were consolidated and are submitted to this court upon the same abstract and brief. The facts are exactly the same in both appeals, and both will be disposed of by this opinion.

After the testimony had all been taken and both parties had rested, each party moved for a directed verdict. Plaintiff's motion was based upon the ground that the interest payments that were made upon the note by or on behalf of the defendants tolled the statute of limitations, and that the defendants were clearly liable upon the note. Defendants' motion was made upon the ground that there was no evidence in the record sufficient on any possible conception of the case to sustain a verdict for the plaintiff. But the defendants made the express reservation in their motion that they did not by such motion waive submission of these questions to the jury, but that, if their motion were denied, they would want the questions of fact submitted to the jury. After the court had indicated that it would grant the plaintiff's motion, the appellants objected to a discharge of the jury, and insisted that any disputed or contested issues of fact on the record should go to the jury. The court discharged the jury, and the defendants made the following objection and exception to such discharge: "Let the record show that the defendants object and except to the Court's discharge of the jury for all the reasons heretofore stated in the objection thereto."

The question of the right to go to the jury after both parties have moved for a directed verdict was considered by this court in Share v. Coats, 29 S. D. 603, 137 N. W. 402, where the

cases on the subject are collected and reviewed. But whether a party is entitled to have his case submitted to a jury always depends upon whether there is evidence in the record that would support a verdict in his favor. In this case we do not think there is any evidence in the record that would support a verdict for either of the appellants.

■ In the first place, plaintiff relied upon the three defendants to pay the note. He refused to extend credit to the implement company. The defendants in no way at any time intimated that they were not personally liable or that they did not intend to pay the note, or in any way intimated that they intended to repudiate the debt until after the full six-year limitation had run.

On various occasions within six years of the commencement of the action the implement company held annual meetings. At some of these meetings dividends were paid to the stockholders, but such dividends were paid from funds that were left after the interest on plaintiff's note had been paid. The company had a capital stock of $25,000 divided into 250 shares, of the par value of $100 each. Of this stock defendant Graese owned 130 shares, John Marten 90 shares, and Behm 17 shares, and all three of them were directors and officers at all times material to this case. The money that was used to pay the interest on plaintiff's note belonged to the defendants in proportion to the number of shares of the capital stock owned by each. The interest was paid at their direction, with full knowledge of the purpose for which it was paid. They did not merely acquiesce in the payment of the interest; they actually paid it themselves, and their dividends were reduced to the extent of the amount of interest paid.

In McKeon v. Ewert, 55 S. D. 545, 226 N. W. 754, 755, we said: "Payment of principal or interest by one comaker does not toll the statute as to the other, not participating or acquiscing in such payment."

In Taylor v. Ashdown et al, 60 S. D. 411, 244 N. W. 541, 542, quoting from McCarthy Bros. Company v. Hanskutt, 29 S. D. 535, 137 N. W. 286, 288, Ann. Cas. 1914D, 889, we said: "A part payment, to be effectual to interrupt the statute, must be voluntary and free from any uncertainty as to the identification of the debt on which it was made. It must also be made as a part of a larger

debt, and be so accepted by the creditor, and made under such circumstances as are consistent with an intent to pay the balance, which intent must be determined by the jury. The burden of proof is on the creditor to show such intent, and the language used at the time of the payment is admissible to show the intent with which it is made."

The facts in this case bring the defendants within this latter rule.

The conduct of the defendants in the payment of the interest was sufficient to bring them within the rule above stated, and tolled the running of the statute.

Our attention is especially directed to the case of Patterson et al v. Collier et al, 113 Mich. 12, 71 N. W. 327, 67 Am. St. Rep. 440. That case is very similar to this. The corporation wished to borrow some money, and applied to the plaintiff for a loan. Plaintiff refused to make the loan to the corporation, but offered to loan it to the defendants, who were officers of the corporation, if they would sign the note. Thereafter some payments were made on the note by one Pomeroy, the president of the corporation. Suit was brought on the note and the statute of limitations was interposed as a defense. As to the defendant Pomeroy who made the payments, judgment was allowed. As to the other defendants, it was not shown that the payments were made for them or upon their behalf or by the use of their funds, and, as to them, the defense was sustained. In this case, all the defendants joined in making the payments, and judgment should be allowed against them all.

The judgment and order appealed from are affirmed.

CAMPBELL, P. J., and ROBERTS and RUDOLPH, JJ., concur.

WARREN, J., dissents.