IRVING CARBONNEAU *vs.* ALFRED LACHANCE.

JOSEPH CARBONNEAU *vs.* SAME.

Worcester.   September 23, 1940. — October 31, 1940.

Present: FIELD, C.J., LUMMUS, QUA, COX, & RONAN, JJ.

*Evidence,* Opinion: expert.   *Witness,* Expert.

A trial judge properly might decide in his discretion that a general prac-
titioner of thirty-one years of practice, including treatment of more
than one hundred cases of osteomyelitis, was not sufficiently versed in
osteomyelitis to give his opinion whether, on facts recited in a long
hypothetical question, a grasping by the defendant of a boy's arm was
an adequate cause of osteomyelitis from which he suffered five days
later.

TWO ACTIONS OF CONTRACT OR TORT.   Writs in the Su-
perior Court dated December 28, 1931, and April 2, 1932.

Before *Donahue,* J., verdicts were returned for the de-
fendant.   The plaintiffs alleged exceptions.

The cases were submitted on briefs.

*N. Fink,* for the plaintiffs.

*P. Fletcher,* for the defendant.

LUMMUS, J.   The defendant is a surgeon who on June 22,
1931, undertook the removal of adenoids from the minor
plaintiff, then a boy of seven or eight years.   As the boy
was being taken into the operating room sitting upon a
movable table, he became frightened at the sight of the de-
fendant and a nurse.   Thereupon he kicked the nurse in
the stomach.   The defendant seized him by the arms and
held him down upon the table until the nurse administered
ether.

As early as June 27, 1931, the minor plaintiff suffered
from osteomyelitis of the upper right humerus.   The plain-
tiffs sought to attribute it to the act of the defendant in
grasping his arms on June 22, 1931.   On June 23, 1931,
finger marks appeared upon the skin at the upper end of
the right humerus, indicating the use of severe force.   But

experts testified that, though trauma with the presence of an infectious germ is an adequate cause for osteomyelitis, the source of the osteomyelitis in the minor plaintiff must be sought in some occurrence prior to June 22, 1931, when in their opinion the trouble was already in the process of development.

To meet this testimony, the plaintiffs called a general practitioner of medicine who testified that in thirty-one years of practice he had treated more than a hundred cases of osteomyelitis. He testified that trauma with the presence of an infectious organism in the system would be an adequate cause of osteomyelitis at the place of the trauma; that with adenoids an infectious organism would be present; and that the grasping of the boy's arm and forcing him down upon a table with sufficient force to leave finger marks would be adequate cause for the "stretching of the capsule in the boy's arm at the glenoid fossa," which an X-ray photograph showed.

The plaintiffs then put to this witness a long hypothetical question, reciting the facts as they understood them, and asking whether upon those facts the witness thought the grasping of the boy's arms on June 22, 1931, was an adequate cause of the osteomyelitis. To the exclusion of this question the plaintiffs excepted. The plaintiffs asked the witness, on the facts recited, what in his opinion caused the osteomyelitis, and excepted to the exclusion of the question. They asked the witness whether a force sufficient to leave marks on the arm would, if there was some stretching of the capsule, be sufficient to cause osteomyelitis. To the exclusion of this question the plaintiffs excepted.

The answers of this witness, made without objection, made plain to the jury that violent grasping of the boy's arms under the circumstances might produce osteomyelitis. Only the opinion of the witness as to whether the osteomyelitis existing on June 27, 1931, was or could be so caused, was excluded. It might be argued that even if the exclusion were error, it was not serious enough to require the sustaining of the exceptions. G. L. (Ter. Ed.) c. 231, § 132. But we think there was no error. Experts who devote their

whole time to particular branches of medical science abound. In his discretion the judge might decide that the physician in question was not sufficiently versed in osteomyelitis to make his opinion valuable to the jury. The qualifications of an expert are to be determined by the trial judge, and his judgment is seldom overturned. *Sacks* v. *McKane,* 281 Mass. 11, 21. *Corrao* v. *Sears, Roebuck & Co.* 298 Mass. 23, 26. *Goodyear Park Co.* v. *Holyoke,* 298 Mass. 510, 512. The verdicts of the jury for the defendant in the action by the minor plaintiff and in the action by his father for consequential damages are not tainted by any error of law.

*Exceptions overruled.*