Agnes M. Watson *vs.* W. Cameron Forbes.
Charles J. Watson *vs.* Same.

Norfolk.   October 7, 1940. — November 25, 1940.

Present: Field, C.J., Donahue, Dolan, Cox, & Ronan, JJ.

*Practice, Civil,* Exceptions: whether error harmful. *Evidence,* Relevancy. *Error,* Whether harmful.

At the trial of an action for injury resulting from a collision of automobiles, error in admitting evidence that the reason for the failure of the defendant's operator to have a license to operate was lack of notice of the expiration of his previous license was not prejudicial to the plaintiff in view of specific instructions to the jury, without comment on such evidence, that operating without a license would be evidence of negligence.

Two actions of tort. Writs in the District Court of Northern Norfolk dated December 24, 1935.

On removal to the Superior Court, the cases were tried together before *Collins,* J. There were verdicts for the defendant. The plaintiffs alleged exceptions.

*R. J. Walsh,* for the plaintiffs.

*F. S. Katzmann & M. J. Dray,* for the defendant, submitted a brief.

Cox, J. The plaintiffs, husband and wife, sued to recover for damages sustained when an automobile, owned and operated by the husband, in which they were riding, was in collision upon a public way in this Commonwealth with a truck owned by the defendant and operated on his business by his servant, one Parker. The cases were tried with others, two of which were brought against the husband, in which the defendant and Parker were plaintiffs respectively.

It was agreed that at the time of the collision Parker did not have a license to operate motor vehicles in Massachusetts, and that his last "outstanding" license had expired some time in January, 1935, the collision having occurred on July 23, 1935. Parker was asked, in substance, where he lived when he obtained this license, and upon inquiry by the judge, counsel for the defendant stated that he desired to show the occasion for not renewing the license. The judge permitted the inquiry, and the plaintiffs excepted. The witness then testified that he was living in Canton, and that when the license expired he was living in Norwood, and that he never received any notice of the expiration of his license. The admission of this evidence presents the only question.

The operation of an automobile on the public ways of this Commonwealth by a person who is not licensed as required by G. L. (Ter. Ed.) c. 90, § 10, as amended by St. 1935, c. 219, is a crime, *Rog* v. *Eltis*, 269 Mass. 466, 468, and the violation of this statute is evidence of negligence, *Gordon* v. *Bedard*, 265 Mass. 408, 411, "as to all consequences that the statute was intended to prevent." *Baggs* v. *Hirschfield*, 293 Mass. 1, 3. This evidence becomes material if there is a causal connection between the violation of the statute and the injury that results in the course of that violation. *Gordon* v. *Bedard*, 265 Mass. 408, 411. The effect of such evidence is usually for the fact finding tribunal to determine.

Whatever may have been the right of the defendant to show a reason why Parker did not renew his license (see G. L. [Ter. Ed.] c. 90, § 10), it was of no consequence whether Parker ever received notice of the expiration of

it. We know of no provision of law that requires the giving of any such notice, and it was error to admit this evidence.

But we are of opinion that this error did not injuriously affect the substantial rights of the plaintiffs. G. L. (Ter. Ed.) c. 231, § 132. All of the charge to the jury with reference to the questions raised by the bill of exceptions is printed therein. The judge directed attention to the fact that Parker had admitted that he did not have a license to operate. The jury were instructed that the operation of an automobile in such a circumstance is evidence of negligence, but not conclusive unless violation of the statute contributes to an injury. They were told that this evidence was to be considered "in connection with the other evidence bearing upon the question of Parker's negligence"; and that it "is to be considered . . . with other evidence in the case which has bearing upon his negligence . . . ." Nothing appears to have been said about the materiality of the evidence that was admitted over the plaintiffs' objection, and no exception was taken to the charge.

The effect of operating the truck in question without a license was plainly and baldly put to the jury. In the charge the judge also referred to an opinion of this court in which he stated that it was said that the jury "in the case of a man not having a license should have been instructed that the defendant's failure to have a license was evidence of his negligence as to the management of the car." We are of opinion that, when the judge told the jury that they were to consider the evidence of violation of the statute together with other evidence bearing upon the question of Parker's negligence, the jury could not have understood that reference was being made to the evidence of want of notification of the expiration of the license, but that, on the contrary, they must have understood that this referred to other evidence relating to Parker's conduct at the time of the collision that may have been before them. It appears from the bill of exceptions that there was conflicting evidence as to how or where the collision occurred; that it could have been found that either or both operators were negligent; and that the negligence of either or both contributed to

cause the injury, or that either or both operators were in the exercise of due care. See *Lake* v. *Kimball*, 281 Mass. 186.

*Exceptions overruled.*