GEORGE W. ABELE & another, executors, *vs.* RAY DIETZ, administratrix.

Norfolk.   November 5, 1942. — December 30, 1942.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Limitations, Statute of.   Payment.   Joint Obligation.*

The mere fact, that a check of a corporation, comprising a payment on account of a debt owed jointly and severally by the corporation and one of its officers in his individual capacity, was given at the direction of the officer in his capacity as such, did not require a finding that the payment was a part payment by him in his individual capacity so that it deprived him of the benefit of the statute of limitations.

CONTRACT. Writ in the Municipal Court of Brookline dated October 23, 1937.

The case was heard by *Quinn, J.*

*J. L. Yesley*, for the defendant.

*B. Goldman*, for the plaintiffs.

RONAN, J. This is an action of contract to recover the balance alleged to be due upon an account stated, which arose out of the rendition of legal services by the plaintiffs' testator, Asa P. French, between October 3, 1922, and November 30, 1926. Mr. French died on September 17, 1935. His executors, who were appointed on October 28, 1935, brought this action on October 23, 1937, against Robert Dietz. Dietz has since deceased and the action is now defended by his administratrix. Dietz, a leather manufacturer, conducted business as an individual until January 17, 1924, when a corporation, named the R. Dietz Leather Company, Inc. and later the R. Dietz Leather Co. Inc. took over the business and thereafter conducted it. The corporation was petitioned into bankruptcy in May, 1930. It made a composition offer with its creditors, and was dissolved in 1935 by an act of the Legislature. Dietz was the president, treasurer and a stockholder of this corporation, and was from and after its incorporation the active manager of its business. An itemized bill running to Dietz, amounting to $4,090.95 was sent by Mr. French to Dietz on March 17, 1927. It is this bill upon which the account stated was based. It set forth in detail the services rendered in five suits, the services in the first commencing on October 3, 1922, in the second on January 2, 1924, and in the third on January 7, 1924. The services in reference to the two remaining suits began after Dietz had incorporated his business. Dietz was a party in all these suits and the corporation was also a party in one of them. Mr. French appeared for both Dietz and the corporation. The bill sent on March 17, 1927, included a charge of $250 for "retainer" due December 31, 1926, and at the end contained a note that the "Annual retainer of corporation and Dietz covers consultations, correspondence, advice, etc., in matters not in court." After March 17, 1927, Mr. French wrote several letters addressed to "Mr. Robert Dietz, R. Dietz Leather Company" requesting payment. The trial judge found that the plaintiffs had proved an account stated; that the

office cards of Mr. French setting forth services upon which the charges were made contained the names of Dietz and the corporation; that payments on account were made by check of the corporation; that Mr. French intended to hold Dietz and the corporation severally liable for his charges, excepting only so much thereof as was represented in the retainer paid by the corporation, and that he distinguished between Dietz personally and the corporation. The judge also found that the last payment on account was made by the corporation on December 10, 1929, and that this payment was not made by Dietz personally, but that he as an officer of the corporation and not otherwise directed the making of the corporate check. He denied the plaintiffs' fifteenth request for a ruling that upon all the evidence the six-year statute of limitations was not a bar to the maintenance of the action. He accordingly found that the action was barred by the statute of limitations and found for the defendant. The defendant appealed from an order of the Appellate Division which vacated this finding on the ground that the plaintiffs' fifteenth request should have been given and which ordered the entry of a judgment for the plaintiffs.

The question presented is whether upon the findings of the trial judge the payment on account by a corporation, by its check issued by its treasurer, of an indebtedness which was owed by it and by one who was its treasurer, president and manager before the statute of limitations has run against the debt constitutes, as matter of law, a part payment by the individual debtor and deprives him of the benefit of the statute.

The reason a part payment tolls the statute is that such payment is an acknowledgment of an existing indebtedness and raises an implied promise to pay the balance. Such payment need not be made personally by the debtor. It may be paid by another in his behalf with his knowledge or consent or by his direction. But whatever form the payment may take, the debtor must stand in such a relation to it as to warrant an inference that by the payment he personally intended to renew his promise to satisfy the indebtedness. *Buffinton* v. *Chase,* 152 Mass. 534. *Day* v.

*Mayo,* 154 Mass. 472. *Emerson* v. *Deming,* 304 Mass. 478. *Lariviere* v. *Lariviere,* 304 Mass. 627. *Provident Institution for Savings* v. *Merrill,* 311 Mass. 168. *Sutherland* v. *MacLeod,* 311 Mass. 295.

The indebtedness, upon the findings of the trial judge, might conceivably be considered as the joint as well as the several obligation of the individual and the corporation. Part payment by one of two joint debtors tolled the statute of limitations against both debtors at common law, but this rule has been changed by statute, and now one joint debtor does not lose the benefit of the statute by reason of a payment by the other only. G. L. (Ter. Ed.) c. 260, § 15. *Peirce* v. *Tobey,* 5 Met. 168. *Balcom* v. *Richards,* 6 Cush. 360. *Faulkner* v. *Bailey,* 123 Mass. 588. *Fletcher* v. *Sturtevant,* 235 Mass. 249. *Credit Service Corp.* v. *Barker,* 308 Mass. 476.

Although the payment was that of the corporation, the plaintiffs contend that, as it was made by the direction of Dietz and for his benefit, it stayed the operation of the statute against him personally even though in issuing the check Dietz was acting as a corporate officer. If the corporation was not itself a debtor, then a payment by it to a creditor of Dietz at his request would undoubtedly be a part payment by Dietz and would have the same effect under the statute as if it were made by him personally. *McMillan* v. *Sproat,* 51 Idaho, 236. *Gordon* v. *Russell,* 98 Kans. 537. *Patterson* v. *Collier,* 113 Mich. 12. *Kienke* v. *Hudson,* 126 Neb. 551. *McNamee* v. *Graese,* 61 S. D. 46. *Kegel* v. *McCormack,* 225 Wis. 19. *Goerlinger* v. *Juetten,* 237 Wis. 543. But the situation is different where the obligation is that of the corporation and its officer. It is a question of fact whether the issuance of the check was an acknowledgment of his own personal obligation. The check on its face purported to be a payment by the corporation in its own behalf. The payment might properly be found to be no more than an acknowledgment of indebtedness by the corporation. The letter that accompanied the check was signed in behalf of the leather company by Dietz. Mr. French wrote Dietz that he had received the check, and

the only bill which he sent subsequently to this payment credited it to an account headed "Mr. Robert Dietz, (R. Dietz Leather Company)." It could be found that Mr. French was not misled as to which one of his debtors was making the payment, and that he would not have been justified in believing that in making the payment Dietz acted in any capacity other than as an official of the leather company. Of course, Dietz knew and consented to the corporation's making the payment, but he could reasonably believe that the payment in such form would not be fairly understood as a payment by him or in his behalf. It has been held that such payment by a treasurer on account of the indebtedness of a corporation does not as matter of law stay the operation of the statute as to his liability on the same indebtedness. *Farmers & Mechanics Bank* v. *San Poil Consolidated Co.* 126 Wash. 137. Compare *Van de Ven* v. *Overlook Mining & Development Co.* 146 Wash. 332. It has also been held that the payment of one in a representative capacity on account of a claim which she also owed individually did not constitute an acknowledgment of personal liability that would toll the statute. *Haddad* v. *Chapin*, 153 Wash. 163. A like result has been reached where the joint debtor, with the knowledge of the creditor, made a payment in behalf of another joint debtor. *Elmore* v. *Fanning*, 85 Kans. 501. *Bailey* v. *Corliss*, 51 Vt. 366. Compare *Holmes* v. *Durell*, 51 Maine, 201.

Whether the circumstances attending the making of the payment would warrant a finding that Dietz thereby acknowledged his personal indebtedness to the creditor is not presented for our decision. The only issue before us is whether such a finding is required. Whether an implied promise by Dietz to pay arose out of the payment made by the corporation was itself a matter of inference. The evidence, however, did not require such an inference. There was evidence to support the finding that Dietz had no connection with the part payment other than as an officer of the corporation, and the finding, necessarily implied in the general finding for the defendant, that the payment did not constitute an acknowledgment of any personal indebted-

ness by Dietz. There was no error in denying the request for a ruling that the plaintiffs were not barred by the statute of limitations. The judge was warranted in finding that the indebtedness was not that of Dietz alone. There was nothing in the correspondence or conduct of Dietz after this payment that required a finding that Dietz recognized any personal obligation to pay. None of the findings attacked by the plaintiffs has been shown to be vitiated by any error of law. Findings of fact made by a trial judge in an action at law cannot be reversed unless they cannot be supported on any rational view of the evidence. *Winchester* v. *Missin*, 278 Mass. 427. *Graustein* v. *H. P. Hood & Sons, Inc.* 293 Mass. 207. *Howard* v. *Malden Savings Bank*, 300 Mass. 208. *Worcester* v. *L. Rocheford & Son, Inc.* 300 Mass. 261. *Charles I. Hosmer, Inc.* v. *Commonwealth*, 302 Mass. 495. *Memishian* v. *Phipps*, 311 Mass. 521.

The plaintiffs objected to two rulings on evidence. The first is to the exclusion of the evidence of Mr. Jonathan W. French as to the nature of the Goniprow case and as to the parties for whom his father, the creditor, rendered legal services in that case. These services were included in the account stated between Mr. French and Dietz, and consequently the evidence could not affect the extent of the liability which the latter assumed. It is undisputed that Mr. French appeared for the corporation and Dietz. The offer of proof would not establish the fact that, having two clients, only the one for whom the greater amount of work was performed was expected to pay. The trial judge apparently considered the evidence as too remote. In any event, if the evidence was admissible, which we do not intimate, it is plain that its exclusion, in view of all the other evidence, did not seriously affect any substantial rights of the plaintiffs and did not constitute reversible error. *Carbonneau* v. *Lachance*, 307 Mass. 153. *Flynn* v. *Growers Outlet, Inc.* 307 Mass. 373. *Watson* v. *Forbes*, 307 Mass. 383.

The other objection is to the admission of an account contained in the ledger or journal of the leather company which showed that all the payments made by the corporation to Mr. French were charged to legal expenses. The

plaintiffs contend that, as the defendant had refused to produce this book in accordance with a summons to produce it, the defendant ought not thereafter to be permitted to introduce it in evidence. The account contained in this book was apparently a transcription of what appeared in the cash book, and it had already appeared from the cash book that the payment to Mr. French on December 10, 1929, and all other payments made on his account were charged to the legal expenses of the corporation. The ruling admitting the book, therefore, comes within the general principle that the introduction of merely cumulative evidence does not ordinarily constitute prejudicial error. *Morrison* v. *Lawrence,* 186 Mass. 456. *Chandler* v. *Prince,* 217 Mass. 451. *Brown* v. *Wimpenny,* 239 Mass. 278. *Perivoliotis* v. *Eveleth,* 251 Mass. 444. *Commonwealth* v. *Simpson,* 300 Mass. 45. *Jordan* v. *C. I. T. Corp.* 302 Mass. 281. *Commonwealth* v. *Capalbo,* 308 Mass. 376.

The order of the Appellate Division vacating the finding for the defendant is reversed, and judgment for the defendant, in accordance with the finding of the trial judge, is to be entered.

*So ordered.*