PATROSSO, J.
Action upon a lost promissory note, resulting in judgment for plaintiff from which defendants appeal.
As alleged in the complaint and testified to upon the trial by plaintiff, the note was dated October 10, 1947, payable in installments of $30 per month, but with the provision that “default in the payment of any installment when due shall cause the whole note, principal and interest, to become immediately due and payable.” The action was filed August 17, 1953, and as admittedly the last payment made by the defendant was November 15, 1947, it was barred by the statute of limitations, which was pleaded by the defendants, unless the “credits” hereinafter mentioned constituted payments thereon which operated to toll the statute.
From the statement on appeal, it appears that the de *Supp. 882 fendant, A. Virginia Simon, at the time of the execution of the note and for several years thereafter was an employee of plaintiff; that defendant “had frequently complained about not being given vacation pay, and he (plaintiff) agreed to allow her vacation pay as a credit on her note, if she would submit to him a statement of the amounts of vacation pay to which she felt she was entitled; that she never furnished such a statement to him. That in June, 1955, when plaintiff filled in the copy of the note [the original having been lost] from his memory, he computed what Mrs. Simon’s pay would be, based on her average weekly earnings, and entered such credits on the back of the note.” There is no evidence that plaintiff ever unconditionally agreed to or gave any credit upon the note for vacation pay prior to June, 1953, although when he then purported to endorse such credits upon the copy of the note, he antedated them as of August 19, 1948, August 15, 1950, August 25, 1951, and August 25, 1952. Neither is there any proof that defendant was ever advised that she had been given such credits upon the note. Thus the question is presented as to whether such purported credits constitute “payment on account of principal or interest due on a promissory note made by the party to be charged,” within the meaning of this language as used in section 360, Code of Civil Procedure.
Prior to 1947 a mere payment unaccompanied by a written promise was insufficient to toll the statute of limitations, and insofar as we have been able to ascertain none of the appellate courts of this state have had occasion to construe the language of the amendment. In other jurisdictions, however, the rule has long obtained that the statute may effectively be tolled by a payment on account, but the decisions are not in entire harmony as to what constitutes a payment by the debtor. (See anno. 124 A.L.R. 234.) The greater weight of authority, however, appears to support the view that the mere entry of a credit by the creditor without the consent of the debtor is without effect upon the statute of limitations and likewise the fact that the debtor knows of the unauthorized entry of credit on his debt and makes no objection thereto is not alone sufficient to constitute a ratification of the credit so as to toll the statute.
In Brooklyn Bank v. Barnaby (1910), 197 N.Y. 210 [90 N.E. 834, 27 L.R.A.N.S. 843], where a bank, as it had the right to do, sold collateral securing a promissory note held by it, notifying the maker thereof, who made no objection *Supp. 883 thereto, it was held that the crediting of the amount of the proceeds upon the note did not constitute payment by the maker so as to toll the statute, the court saying (27 L.R.A.N.S. p. 851):
“In view of the repeated and unequivocal declarations of this court that a part payment, whether made before or after a debt is barred by the statute, does not revive the contract, unless made by the debtor himself, or by someone having authority to make a new promise for the residue, I deem it unnecessary to refer to the cases in other states, for that could not be satisfactorily done without extending' this discussion beyond reasonable limits. It is sufficient to say that the great weight of authority in other states supports the rule adopted by this court.
“A further point relied upon by the plaintiff remains to be noticed. It is urged that the defendant ratify the act of the plaintiff in applying upon the note the proceeds of the stock and bonds sold, and that this is the equivalent of a new promise by the defendant. That claim is based upon the letter mailed by the plaintiff to the defendant, notifying the latter that the securities had been sold, and upon the defendant’s neglect or failure to object to that procedure. If the conclusion is well founded that the written authority accompanying the note gave to the plaintiff no greater right than it had under the law, except as to the details of sale, it is obvious that the defendant was not called upon to protest or object. His creditor was simply doing what it had the right to do, and that was to sell the securities to satisfy the debt. This was a right which could not be affected by, nor affect, the statute of limitations. Hulbert v. Clark, 128 N.Y. 295 [28 N.E. 638, 14 L.R.A. 59] House v. Carr, 185 N.Y. 453 [78 N.E. 171, 6 L.R.A.N.S. 510, 113 Am.St.Rep. 936, 7 A. & E. Ann.Cas. 185]. The defendant’s silence in these circumstances, far from being evidence of ratification, is quite consistent with his determination to stand upon his legal rights.”
In Pessemier v. Zeller (1936), 144 Kan. 726 [62 P.2d 882, 107 A.L.R. 1523], the question presented was whether the application by the receiver of a bank of the deposit of the maker of a promissory note held by the bank and the crediting thereof against the note constituted a payment thereon so as to toll the statute. In holding that it did not, the court said (p. 884): “Defendant admits the receiver had a right to appropriate the deposit but denies that the receiver’s *Supp. 884 appropriation and application of the deposit as a credit on the note constituted a payment by him as debtor and thus tolled the statute. R.S. 60-312 provides for the tolling of the statute of limitations by payment or acknowledgment of liability, debt, or claim, or by promise to pay the same. The acknowledgment or promise under the statute must be in writing. No such writing is pleaded. Was the application of the credit by the receiver a payment by defendant? We know of no statute or decision, and none is cited by plaintiff, to the effect that a receiver of an insolvent bank is the authorized agent of a depositor for the purpose of acknowledging a depositor’s existing liability on a note of the bank. Were this the law then a creditor could apply a credit and thereby a make a promise to himself that the debtor would pay the new obligation. The reason payment tolls the statute is that payment is an acknowledgment of an existing debt and an implied promise to pay the remainder. In Good v. Ehrlich, 67 Kan. 94 [72 P. 545], it was held: ‘A part payment, in order to be efficient to toll the statute of limitations or remove the bar, must have been made as part payment of the obligation in question by the obligor, or by some one at his direction, and under such circumstances as to amount to an acknowledgment of an existing liability on such obligation.’ Syl. 1.”
While it may not be denied that plaintiff here had the right to offset any debt due him by the defendant, the exercise of this right did not constitute a payment on the note by the defendant so as to toll the statute. As pointed out by the authorities cited above, the plaintiff was merely doing that which he was legally entitled to do, and as defendant would not have had the right to protest against the same even if she was advised of the fact (of which there is no proof here), her failure to object thereto may not be deemed a consent thereto or ratification thereof. As said in 54 Corpus Juris Secundum, page 430, the extension of credit by the creditor in order to constitute a payment by the debtor and operate to toll the statute must have been “authorized by defendant or someone legally competent to act for him.” Therefore, it is of no significance that the plaintiff may, as he testified, have stated to defendant that “her vacation credits were not sufficient to pay the interest on the note.”
The conclusion reached renders unnecessary a consideration of the other contentions advanced by defendant.
The judgment is reversed.
Bishop, Acting P. J., and Swain, J., concurred.