[Civ. No. 30448.   Second Dist., Div. Two.   Nov. 16, 1967.]

JOSEPH E. MARTINDELL et al., Plaintiffs and Respondents, v. LLEWELLYN G. BODRERO et al., Defendants and Appellants.

58

Pray, Price, Williams & Deatherage and William C. Price for Defendants and Appellants.

Kindel & Anderson and Malcolm G. Smith for Plaintiffs and Respondents.

ROTH, P. J.—Action upon a promissory note.

Appellants, all individuals, together with respondent Martindell, were directors and minority shareholders of a corporation known as El Bodrero Hotel, organized to build and operate a motel.

The corporation encountered financial difficulties in completing construction of the motel.

At a board meeting on February 15, 1958, appellants Bodrero and Sant each agreed to loan $6.000 to the corporation in return for its note. Respondent for himself and wife also agreed to loan $6,000, but unlike Bodrero and Sant, he stated that he would make it only in exchange for a note signed individually by the directors as makers. The loan was made on that basis. In addition, respondents' note was guaranteed by Bodrero, the president of the corporation. Respondents' note was due in May 1958.

To enable the corporation to qualify for a Small Business Administration loan, the corporation made it appear that the note was its obligation; that there were no guarantors on the note and that interest had been reduced to 6 percent. Martindell was in Alaska and had nothing to do with the arrangement for the loan. Martindell, as one of the directors of the corporation, and his wife, were induced, however, to sign a

standby agreement for this loan by assurances, oral and written, concurrently made by the various individual makers and the guarantor of his note that the interest rate would remain 10 percent.

In December 1960, respondents attempted to collect on the note. Appellants Bodrero and Pearson assured him it would be paid by the makers at the rate of $200 a month. A board meeting was convened and a resolution was adopted to pay respondents' note at the rate of $200 a month, beginning January 1961. In January 1961, a corporation check for $200 was sent to respondents. In 1962, at a meeting of the board, it was decided that no further payments could be made at that time. Respondents, on May 15, 1963, sued all the individual makers, appellants herein, and also sued appellant Bodrero on his guarantee.

Section 337, subdivision 1 of the Code of Civil Procedure bars the action since it was not brought within the four-year limitations period, unless the part payment made as above indicated, tolls the statute. The trial court found upon ample evidence that the note was the individual obligation of each of the appellants; and that the payment of $200 was made by the corporation with the knowledge, authorization, participation and consent of appellants and therefore tolled the statute of limitations as to all the makers.

Appellants appeal from the judgment ordering them to pay the $6.000 due on the note, together with 10 percent interest from February 15, 1958 and attorneys' fees, and from the minute order of November 8, 1965, modifying a pretrial order.

As a general rule, part payment of a debt or obligation is sufficient to extend the bar of the statute. The theory on which this is based is that the payment is an acknowledgment of the existence of the indebtedness which raises an implied promise to continue the obligation and to pay the balance. (Note, 29 So. Cal.L.Rev. 370, 374 (1956).)

Section 360 of the Code of Civil Procedure provides: "that any payment on account of principal or interest due on a promissory note made by the party to be charged shall be deemed a sufficient acknowledgment or promise of a continuing contract to stop, from time to time as any such payment is made, the running of the time within which an action may be commenced upon the principal sum or upon any installment of principal or interest due on such note, and to start the running of a new period of time. . . ."

The precise question at bench is whether the $200 payment

made by the corporation may be considered to have been made by "the party to be charged."

*Bullock* v. *Simon,* 132 Cal.App.2d Supp. 881 [281 P.2d 916], defines to a limited extent the connection between the payment and the party to be charged therewith. In *Bullock,* the creditor gave certain "credits" on the obligation of his debtor. These "credits" were made without the consent of the debtor and with no notice to the debtor of the fact that such "credits" were given. The court found that there was no payment on principal or interest due made by a "party to be charged." ▪ At page 884, it cited with approval the holding of *Good* v. *Ehrlich,* 67 Kan. 94 [72 P. 545] that: "A part payment, in order to be efficient to toll the statute of limitations or remove the bar, must have been made as part payment of the obligation in question by the obligor, or by some one at his direction, and under such circumstances as to amount to an acknowledgment of an existing liability on such obligation." Such payment, the court in *Bullock* concluded, must have been " 'authorized by defendant or someone legally competent to act for him.' " (*Bullock* v. *Simon, supra,* at page 884, quoting from 54 C.J.S. 430).

This rule is in accord with that of other jurisdictions. (See *Stroud* v. *Payne,* 124 Neb. 612 [247 N.W. 595]; *McNamee* v. *Graese,* 61 S.D. 46 [245 N.W. 924]; *Goerlinger* v. *Juetten,* 237 Wis. 543 [297 N.W. 361]; *Patterson* v. *Collier,* 113 Mich. 12 [72 N.W. 327, 67 Am.St.Rep. 440].)

▪ It is clear that part payment creates an implied promise that the debtor will pay the balance. To create such an implication, however, the one making payment must have a relation to the payment of the debt which will warrant an inference that the actual debtor intended to renew his promise to satisfy the indebtedness. (*Abele* v. *Dietz,* 312 Mass. 685 [45 N.E.2d 970, 144 A.L.R. 1015].)

The specific question at bench is the relationship of the corporation to the individual makers of the note and its authority to make payment for them. The relationship has already been shown. The question of authority in the context of the facts at bench is similar to any agency. ▪ Whether an actual or ostensible authority existed to make the corporation an actual agent of all the makers, in respect of the $200 payment, was a question of fact. Such agency may be shown by direct or circumstantial evidence. (*Seneris* v. *Haas,* 45 Cal. 2d 811, 831 [291 P.2d 915, 53 A.L.R.2d 124]; *Crabbe* v. *Mires,* 112 Cal.App.2d 456 459-460 [246 P.2d 991]; *Ghiglione* v.

*American Trust Co.,* 49 Cal.App.2d 633, 637-638 [122 P.2d 301].)

Sufficient evidence was presented to the trial court to show that the corporation was authorized by appellants to make the $200 payment to respondents on the debt of all the makers. All appellants were at the December 1960 meeting at which the $200 payment was approved. Two of them, Bodrero and Pearson, signed the check sent to respondents. The check was issued at appellants' direction with full knowledge of the purpose for which it was paid and no evidence was presented to indicate that it was not intended as their personal payment. The trial court found as a fact that the corporation made the payment on behalf of all the makers. We are bound by that finding.

Although the record is clear that respondents would not accept the corporation's note, appellants nevertheless contend that the trial court erred in excluding parol evidence offered to show that the note was that of the corporation and not that of the individual appellants. They argue that the individual signers of the note were acting as mere agents for the corporation, and that the corporation was the primary obligor.      It is well established that parol evidence is not admissible to relieve from liability an agent who signs personally without disclosing the name of the principal on the face of the instrument. (*Van Haaren* v. *Whitmore,* 2 Cal.App.2d 632, 634-635 [38 P.2d 829]; *Otis Elevator Co.* v. *Berry,* 28 Cal.App.2d 430, 432 [82 P.2d 704]; *Firestone* v. *Wahl,* 133 Cal.App.2d 501, 504-505 [284 P.2d 499].)

The parol evidence was properly excluded.

Appellants' argument that the interest rate on the note was reduced to 6 percent by virtue of the agreement prepared for the Small Business Administration, is without merit.

Section 1698 of the Civil Code provides that: "A contract in writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise." The agreement in question did not constitute a "contract in writing" between the parties to the note. Exhibits 7 and 8 show that appellants, as heretofore stated, persuaded respondents, who were in Alaska, to sign a stand-by agreement to enable the corporation to obtain a loan from the Small Business Administration, and the makers of the note never contemplated reducing the interest to be paid. Further, the uncontradicted record shows that as late as December 1960, more than two

years after the stand-by agreement was executed, appellants treated the interest rate as being the full 10 percent. Martindell testified:

"A. I did, I talked to Mr. Bodrero. He knew what I was there for because of the way the conversation started off.

"He said, 'Well, Gene, don't you think that interest is a little high? He says, 'Why don't you cut the interest from 10 to 6 per cent?' "

It is well established that parol evidence may be introduced to show that the parties never intended a writing to constitute a contract. (*P. A. Smith Co.* v. *Muller*, 201 Cal. 219, 222-224 [256 P. 411]; *Halldin* v. *Usher*, 49 Cal.2d 749, 752 [321 P.2d 746].) The question of intention of the parties as to the effect of the agreement with the Small Business Administration is a question of fact. (*Halldin* v. *Usher*, *supra*, at page 752.) There was substantial parol evidence to the effect that the agreement was merely an accommodation by respondents and was never intended to alter the terms of the note. At best, the agreement of the corporation with Small Business Administration was one which would estop respondents as against Small Business Administration from claiming they were entitled to 10 percent as against 6 percent. The trial court found that no alteration or variation in the terms of the note was intended by any of the parties. The evidence supports the finding.

Appellants' final contention is that the lower court erred in holding appellant Bodrero personally liable as guarantor. We agree.

In *Purdy* v. *Maree*, 31 Cal.App.2d 125, the court says at page 127 [87 P.2d 390]: "Though there is authority to the contrary, the clear weight of authority in the United States, and we believe the better law, is that a payment by a principal debtor will not operate to toll the statute of limitations as to the guarantor. [Citing cases.]" (See also, *Easton* v. *Ash*, 18 Cal.2d 530, 538 [116 P.2d 433].) There was no provision in the guaranty that a part payment by appellants would toll the limitations period as to Bodrero. (*Purdy* v. *Maree, supra*; *Easton* v. *Ash, supra*.) Respondents' claim against Bodrero on the personal guaranty is barred by the statute of limitations. However, although there is a finding on the subject of guaranty, there is no separate judgment against Bodrero as a guarantor. The judgment is against the individual appellants as makers.

The note provides for attorneys' fees. It is estab-

lished in this state that this court has the authority to fix such fees for services rendered on appeal. (*Coronet Credit Corp.* v. *West Thrift Co.*, 244 Cal.App.2d 631 [53 Cal.Rptr. 433].) We find the sum of $350 to be reasonable.

The judgment is affirmed, appellants will pay to respondents $350 attorneys' fees incurred for the reasonable value of services rendered on this appeal. Respondents to recover costs of appeal. The minute order modifying the pretrial order is a matter included within the appeal from the judgment. The separate appeal therefrom is therefore dismissed.

Herndon, J., and Fleming, J., concurred.