[Civ. No. 44467. Second Dist., Div. Two. May 2, 1975.]

IRENE B. YOUNG, Plaintiff and Appellant, v.
CHARLES M. SORENSON et al., Defendants and Respondents.

912

COUNSEL

Bernard A. Leckie for Plaintiff and Appellant.

Gerald B. Yam and Philip J. Scott for Defendants and Respondents.

OPINION

**FLEMING, J.**—Action on a promissory note.

In January 1963 Charles and Marcille Sorenson gave a promissory note to Red Rowe Productions for $11,500 at 7 percent interest, principal and interest payable in installments of $100 a month. In February 1963, as part of a divorce settlement between Ralph Rowe and Irene Young, Ralph Rowe caused Red Rowe Productions to assign the Sorensons' promissory note to Young, and he guaranteed payment of the note "to the extent of $10,000 only." Thereafter, Ralph Rowe made monthly payments of $100 to Young. The Sorensons made sporadic payments on the note, but made them to Red Rowe Productions. In 1964 Young offered to sell the note back to the Sorensons at a discount, but the Sorensons declined, stating they preferred their present payment arrangements. The Sorensons continued intermittent payments to Red Rowe Productions until November 1969. In June 1971 Rowe made his one-hundredth $100 payment (a total of $10,000) to Young. Including accumulated interest, more than $7,000 remained due on the note. Neither Rowe nor the Sorensons made further payments.

In September 1971 Young brought the present action against Rowe, Red Rowe Productions, and the Sorensons to recover the balance due on the note. In a nonjury trial the court found her action against the Sorensons barred by the statute of limitations and her claim against Ralph Rowe as limited guarantor of the note satisfied by his payment of $10,000.

Young appeals the judgment contending (1) payments by the Sorensons to Red Rowe Productions tolled the statute of limitation on her action against them, and (2) the trial court erred in admitting in evidence a document claimed to be a reporter's transcript of the Rowe-Young divorce proceedings and relying upon it to limit Ralph Rowe's guarantee to $10,000.

■ 1. Code of Civil Procedure section 337 provides a four-year period of limitation for commencing an action on a promissory note. However, "part payment of a debt or obligation is sufficient to extend the bar of the statute. The theory on which this is based is that the payment is an acknowledgment of the existence of the indebtedness which raises an implied promise to continue the obligation and to pay the balance." (*Martindell* v. *Bodrero,* 256 Cal.App.2d 56, 59 [63 Cal.Rptr. 774].) Code of Civil Procedure section 360 provides that "any payment on account of principal or interest due on a promissory note made by the party to be charged shall be deemed a sufficient acknowledgment or promise of a continuing contract to stop, from time to time as any such payment is made, the running of the time within which an action may be commenced upon the principal sum or upon any installment of principal or interest due on such note, and to start the running of a new period of time . . . ."

Young contends the Sorensons' payments to Red Rowe Productions, the latest in November 1969, constituted a sufficient acknowledgment under section 360 of their obligation on the promissory note to stop the running of the four-year period of limitation and validate the timeliness of her action started in September 1971. The trial court rejected this contention, apparently concluding that after assignment of the note to Young, the Sorensons' payments to Red Rowe Productions did not amount to legal acknowledgment of their obligation on the note.

Ordinarily, payments by a debtor to a stranger or predecessor creditor are not interpreted as recognition of a continuing obligation to the holder of a promissory note. But this is not the ordinary case. The Sorensons told Young they were making payments to Red Rowe Productions on account of the note held by Young. When the Sorensons told Young they preferred that arrangement, Young had little ground or motive to object, for she was receiving all she could require under the note, $100 a month from Ralph Rowe as mandated by the divorce settlement. "Conduct on the part of a debtor which leads the creditor to believe that a payment made to a third person by the debtor was intended as a payment on the debt which he owed to the creditor, which would have the effect of arresting the running of limitations, in reliance upon which the creditor refrained from suit, has been held to estop the debtor from denying that the payment was so intended." (51 Am.Jur.2d, Limitation of Actions, § 466, p. 910; *Chase* v. *Carney,* 60 Ark. 491 [31 S.W. 43]; see *Morgan* v. *International Aviation Underwriters, Inc.,* 250 Cal.App.2d 176, 180 [58 Cal.Rptr. 164]; *U.S. Cas. Co.* v. *Industrial Acc. Com.,* 122 Cal.App.2d

427, 433 [265 P.2d 35].) The Sorensons' conduct thus estopped them from denying that they had acknowledged the debt by their payments to Red Rowe Productions had thereby assented to a suspension of the statute of limitation. Young's action against the Sorensons was therefore timely filed within the four-year period.

2. The Rowe-Young divorce decree awarded the Sorenson promissory note to Young and provided that "Ralph J. Rowe shall guarantee the payment of $10,000.00 of said note, and shall pay or cause to be paid said $10,000.00 at the rate of $100.00, or more, per month, commencing on the 1st day of March, 1963, and continuing on the 1st day of each month thereafter until said sum of $10,000.00 shall have been paid in full." Young asserts an ambiguity in the decree in that it does not appear whether Ralph Rowe's guaranteed payment was for $10,000 only or for $10,000 principal plus interest. Since the decree fails to mention interest, the argument on ambiguity appears to us artificial and forced. But if we assume some modicum of ambiguity, the latter was dispelled by a document purporting to be a reporter's transcript of the Rowe-Young divorce proceedings. From this document it appears the parties had reached a property settlement agreement which Mr. Reiter, attorney for Young, explained to the divorce court as follows:

"Mrs. Rowe, in addition, shall have the sum of $10,000 which originally was represented by the loans these parties made to three persons, or to a separate corporation which $10,000 shall be underwritten and paid by the plaintiff and cross-defendant, Mr. Rowe, at the rate of $100 per month, commencing thirty days, is that correct, from this date? MRS. FIXLER [Rowe's attorney]: That will be fine. MR. REITER: Commencing thirty days from this date and continuing on like dates until the entire sum shall have been paid in full. THE COURT: Does this carry any interest? . . . MR. REITER: No interest, your Honor."

Young contends the court erred in considering the reporter's transcript because it was an unverified carbon copy whose authenticity had not been established. We disagree. Since the original transcript was unavailable the court could consider a copy (Evid. Code, § 1501), and it could rely on indirect and circumstantial evidence to establish the authenticity of the copy. (Evid. Code, § 1410; *Chaplin* v. *Sullivan*, 67 Cal.App.2d 728, 734 [155 P.2d 368].) The transcript copy appeared to be a true report of the divorce proceedings transcribed by the court reporter who took them down. Matters set forth in the transcript copy exactly paralleled the clerk's minutes of the divorce proceedings as shown in the

court's original file. And the transcript copy, apparently prepared for a use related to the divorce proceeding, had been in the possession of Rowe's attorney in the divorce litigation who had no connection with the present action. It was wholly reasonable for the court to find the transcript copy trustworthy and to accept its authentication.

We further note that the trial court had other evidence to substantiate the apparent meaning of the divorce decree. Ralph Rowe testified that the attorneys in the divorce proceedings worked out a settlement whereby he would guarantee the Sorensons' note "to the tune of $10,000 if Mr. Sorenson should renege on the payments without interest."

The judgment in favor of Ralph Rowe and Red Rowe Productions is affirmed. The judgment in favor of Charles and Marcille Sorenson is reversed, and the cause is remanded to the trial court for entry of judgment against the Sorensons on the note in the appropriate amount. As to the appeal from the judgment favoring respondents Ralph Rowe and Red Rowe Productions, respondents to recover costs. As to the appeal from the judgment favoring respondents Charles and Marcille Sorenson, appellant to recover costs.

Roth, P. J., and Beach, J., concurred.