*Northern District*

## No. 8440

# FRIEND LUMBER COMPANY
# OF NORTH SHORE, INC.
## v.
# HARRY OLSON

Argued: _____. Decided: November 9, 1976.

Case tried to *Tiffany, J.,* in the District Court of Peabody. Number: 34323.

Present: Cowdrey, P.J.; Bacigalupo, and Forte, J.J.

Counsel for plaintiff: Jordan L. Shapiro, Malden.

**Forte, J.** Upon an unsatisfied judgment against Harry Olson, the plaintiff entered an action on April 21, 1975 against "Harry Olson of Peabody, County of Essex and the real estate at 2 Kingdom Court, Peabody, whether standing in his name or specially standing in the name of Shirley F. Olson". The report states "(F)ollowing notice to Harry Olson only, a motion to attach the 'real estate of the defendant, Harry Olson, or specially standing in the name of Shirley F. Olson' was allowed". However, the docket does not so indicate. Further, the report states "the attachment was The defendant defaulted and execution issued on May 9, 1975 indicating the plaintiff recovered "judgment against Harry Olson of Peabody, County of Essex, and the real estate at 2 Kingdom Court, Peabody, whether standing in his name or specially standing in the name of Shirley F. Olson." Levy was begun timely and a sale was scheduled for January 8, 1976.

On December 10, 1975, Harry Olson (defendant) filed the following:

1. Motion for Stay of Proceedings pending disposition of Motion to Correct Clerical Error under Dist./Mun. Cts. R. Civ. P. 62(b).

2. Motion to Correct Clerical Error under Dist./Mun. Cts. R. Civ. P. 60(a).

On the same day, Shirley F. Olson (Shirley) filed the following:

1. Motion to intervene under Dist./Mun. Cts. R. Civ. P. 24(a).

2. Motion for Stay of Proceedings Pending Disposition of Motion for Relief from Judgment under Dist./Mun. Cts. R. Civ. P. 62(b).

3. Motion for Relief from Judgment under Dist./-Mun. Cts. R. Civ. P. 60(b).

A hearing was held on December 16, 1975 at which the defendant and Shirley each filed an affidavit, which are part of the report. The plaintiff filed requests for rulings.

As a result of the hearing the justice by order (marked "G")

1. Allowed Shirley to intervene;

2. Stayed proceedings to enforce execution and judgment against Shirley until the disposition of the relief of judgment, and

3. Required that a copy of this order be served upon Essex County Deputy Sheriffs and be recorded at the Registry of Deeds—

and the justice entered another order that:

1. Proceedings to enforce execution and judgment be stayed until disposition of the defendant's motion to Correct a Clerical Error.

2. A copy of this order be served upon the Essex County Deputy Sheriff and be recorded in the Registry of Deeds.

On January 14, 1976 the justice:

1. again allowed Shirley to intervene

2. denied the defendant's motion to correct a clerical error.

3. granted relief under Rule 60(b) to Shirley by finding there was no judgment against her, and by quashing the execution against her and the property at 2 Kingdom Court, Peabody standing in her name.

With this ruling, he filed findings wherein he found that Shirley purchased the property in October, 1973 for consideration of $28,900.00; that she was the sole

mortgagor to a bank for $23,000.00; and that no fraud existed.

The plaintiff claims to be aggrieved by:

1. the court's orders, above referred to as "F" and "G"
2. the denial of its requests for rulings numbered 1, 2 and 3 as to Shirley's motion for relief of judgment
3. the vacating of the execution against Shirley
4. the dismissal of "the attachment previously made"
5. and "by other rulings made in arriving at the decision on Shirley F. Olson's Motion for Relief of Judgment".

The three requests from the denial of which the plaintiff claims to be aggrieved are:

1. "The evidence and law requires a finding that this court has no jurisdiction to restrain the plaintiff or sheriff from proceeding with levy on the execution now well along in progress; this can be done only by a Superior Court.
2. "The defendant, Shirley Olson, has set forth no grounds recognized at law (and in the District Court for permitting relief from judgment (after execution and levy).
3. "The *Bay State* Case specifically exempted 'special attachments' (G.L.c. 223, §67) from notice requirements (the plaintiff would suggest, because the interest of the defendant is being attached in property standing in another's name, not the interest of the true owner of record); therefore, the absence of notice to Shirley F. Olson has caused her no harm."

After the report was established and forwarded to this Appellate Division, the plaintiff filed a motion with this Division, to amend the report to include additional exhibits.

■■ Dist./Mun. Cts. R. Civ. P. 64(c)(5) states: "After the report is allowed . . . all motions shall be filed with the Clerk of the trial court . . .", which was not followed in this instance. The motion is denied for the additional reason that allegations or documents cannot be added to a report, even if the parties so agree, if the trial justice has not assented. *Staples v. Collins,* 321 Mass. 449, 450 (1947). The report, as distinguished from the draft report, is the report of the trial justice. *Perry v. Hanover,* 314 Mass. 167, 168 (1943).

■■ On the motion to interevene, there was no error.

Dist./Mun. Cts. R. Civ. P. 24(a) states:

"Upon timely application anyone shall be permitted to intervene in an action . . . . (2) when the applicant claims an interest relating to the property . . . which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

The action was commenced against the defendant *and* the real estate at 2 Kingdom Court, Peabody whether standing "in the defendant's name or specially standing in the name of" Shirley.

At the hearing on the motions, upon evidence submitted, the justice found that Shirley was the purchaser for $28,900.00, the sole mortgagor for $23,000.00 and that no fraud existed. "Findings of fact by a trial judge in an action of law cannot be reversed unless they cannot be supported on any rational view of the evidence." *Abele v. Dietz,* 312 Mass. 685, 690 (1942). Even if it was discretionary to allow Shirley to intervene, the justice's decision to allow the intervention will not be reversed unless it clearly appears

that there has been an abuse of such discretion. *Dillaway v. Burton,* 256 Mass. 568, 576-577 (1926). We find no abuse of discretion.

■. There was no error in the allowance of Shirley's motion for relief pursuant to Dist./Mun. Cts. R. Civ. P. 60(b).

The appellant argues that Shirley was an intervenor and not a party, and therefore has no standing to seek relief under Rule 60(b). Permission was granted for Shirley to intervene as a party defendant and as such is afforded all rights as a party.

■. Rule 60(b)(6) authorizes a justice to "relieve a party . . . from a final judgment, ordered or proceeding for the following reason: . . . (6) any other reason justifying relief from the operation of the judgment."

According to the report, the court, after notice to the defendant only, allowed a motion to attach real estate of the defendant or specially standing in the name of Shirley. The allowance of said motion was pursuant to G.L.c. 223, §67. However, when the court examined the evidence submitted by Shirley after intervening as a party defendant, the justice found there was no fraud in the conveyances of title, and therefore G.L.c. 223 §67, dealing with attachments for fraudulently conveyed property, did not apply; and he corrected his earlier action by dismissing that part of the attachment against the specific land at 2 Kingdom Court, Peabody standing in the name of Shirley.

Therefore there were no errors in the denial of the plaintiff's three requests for rulings, nor by the rulings of the court. **Report dismissed.**