[L. A. No. 1323.   Department One.—August 1, 1905.]

ANGLO-CALIFORNIAN BANK, LIMITED, Respondent, v. MOSES CERF et al., Defendants; ERNEST CERF, and L. M. KAISER, Appellants.

FORECLOSURE—DEEDS INTENDED AS MORTGAGES—SECURITY FOR DEBT AND ADVANCES—AGENCY OF ONE GRANTOR FOR CO-GRANTORS—LIMITATION OF AUTHORITY—CREDIBILITY OF WITNESS.—In an action to foreclose mortgages by deeds absolute, found by the trial court to have been executed by three defendants as security to a bank for existing indebtedness of and future allowances to one grantor, who, it appears, acted as agent for the other grantors in making the delivery, and testified that they gave him oral instructions to deliver them as security for existing indebtedness only, where there was an irreconcilable conflict between his evidence and that of the manager of the bank, and there were also other circumstances which were opposed to his testimony, his credibility as a witness was to be determined by the trial judge, who was not bound to accept his unsupported testimony as to the limitation upon his authority.

ID.—INFERENCE OF AUTHORITY FROM CIRCUMSTANCES.—Where the authority of the agent was oral, and is not satisfactorily established, and he was expressly authorized to deliver the deeds as security for indebtedness, the particulars of which were not specified, his authority may be inferred from the acts and circumstances shown, and any arrangement as to amount, terms, and character of the

indebtedness to be secured, which under the circumstances would not be unreasonable, would appear to be within the authority conferred.

ID.—AUTHORITY FOR FUTURE ADVANCES.—*Held,* that the facts and circumstances in the present case taken together support the conclusion that the appellants contemplated actual authority to their co-grantor to deliver the deeds upon the conditions and terms as to existing indebtedness and future advances, upon which he is found to have delivered them.

ID. — GUARANTY — SURETYSHIP — STATUTE OF LIMITATIONS — RENEWED NOTES—LIABILITY OF LAND—CASE APPLIED.—It appearing to have been contemplated that the land should be continuous security for indebtedness and future advances, to be evidenced by notes to be renewed from time to time, there is nothing in the law of guaranty, suretyship, or the statute of limitations affecting the liability of the land. (*Sather Banking Co.* v. *Briggs Co.,* 138 Cal. 724, applied to the case.)

ID.—DEEDS TO MANAGER OF BANK—FORECLOSURE BY BANK—REAL PARTY IN INTEREST.—The deeds having been executed to the manager of the bank plaintiff to secure indebtedness thereto, present and future, the action for foreclosure was properly brought in the name of the bank as the real party in interest.

APPEAL from on order of the Superior Court of San Luis Obispo County denying a new trial. E. P. Unangst, Judge.

The facts are stated in the opinion of the court.

Venable & Goodchild, and Marcel E. Cerf, for Appellants.

Jesse W. Lilienthal, and W. H. Spencer, for Respondent.

ANGELLOTTI, J.—This is another appeal in the action involved in *Anglo-Californian Bank* v. *Cerf* (L. A. No. 1276), *ante,* p. 384, this day decided. The appeal here is by defendants Ernest Cerf and L. M. Kaiser, who joined with defendant Moses Cerf in the execution of the deeds held to be mortgages, and is from an order denying their motion for a new trial. By their answer they expressly admitted that they executed and delivered the same for the purpose of securing to plaintiff the payment of a certain indebtedness of the firm of "Blochman & Cerf" to plaintiff,—viz., an indebtedness of $34,300, existing on October 14, 1885, and evidenced by promissory notes of said firm,—but denied that they executed or delivered the deeds for the purpose of securing any other

indebtedness of said firm to plaintiff, and alleged that the indebtedness for which the deeds were executed had been fully discharged.

The trial court found that the deeds were executed and delivered by all the grantors therein named, for the purpose of securing not only the existing indebtedness of $34,300, but also all future indebtedness of the firm of "Blochman & Cerf," and the main question upon this appeal is as to the sufficiency of the evidence to support this finding as against these appellants.

The negotiations leading up to the delivery of the deeds to plaintiff's manager, Steinhart, were conducted entirely by Steinhart and defendant Moses Cerf, the sole member of the firm of "Blochman & Cerf," a firm doing business in the city and county of San Francisco, and the deeds were delivered to Steinhart by said Moses Cerf at San Francisco. The evidence sufficiently supports the finding that he delivered them upon the understanding and agreement alleged in the complaint,— viz., that they should be security for all future as well as existing indebtedness of "Blochman & Cerf." There was no pretense that plaintiff had any notice to the effect that the other grantors had placed any limitation upon his powers in this regard, or that he had not the authority he assumed,— viz., to deliver the deeds as security for any indebtedness that might thereafter accrue, as well as such as had already accrued. Plaintiff's manager did know that appellants were not members of the firm of "Blochman & Cerf," and were not therefore directly interested in the indebtedness of that firm. Moses Cerf testified that the deeds were delivered to him by appellant Ernest Cerf, accompanied by oral instructions to deliver them to secure the existing notes for $34,300, and for no other purpose. This was the only evidence given as to any limitation upon the authority of Moses Cerf to stipulate for the appellants as to the particular indebtedness of said firm to be secured by the deeds, neither of the appellants testifying on the trial. Admittedly, he was authorized to use the deeds for his own benefit,—viz., to secure indebtedness of the firm of which he was the sole member,—and the only possible claim on appellants' part, in view of the finding as to the agreement upon which he delivered them, is that he exceeded the oral instructions given him by one of the appel-

lants by delivering them as security for future as well as existing indebtedness of his firm.

Although plaintiff had no knowledge of any such limitation, it is contended that it was bound at its peril to know the limit of his authority, and that appellants are not bound by the act of their agent in delivering the deeds as security for his future indebtedness.

It may be admitted that, so far as the appellants are concerned, the evidence shows that in the delivery of the deeds Moses Cerf was acting solely as their agent. If we admit that special oral instructions given by appellants to Moses Cerf as to the particular indebtedness to be secured by the deeds would be binding upon plaintiff here, we are still unable to see why the trial court was not at liberty to reject the testimony of Moses Cerf in regard thereto if it did not believe the same to be true. As already said, this was the sole evidence as to any limitation. The court saw and heard him testify, and upon some material matters concerning which he testified there was an irreconcilable conflict between his evidence and that of Steinhart. In addition to this, there were circumstances shown by the evidence which a court might conclude were opposed to his evidence upon certain matters. It is not for an appellate court to intimate as to the truth or falsity of any of the evidence. That was the peculiar province of the trial judge, and upon material matters as to which there was a conflict of evidence he rejected the evidence of this witness. As to these matters, he concluded that the witness was at least mistaken, and, possibly, that he was willfully false in his testimony. We cannot assume the contrary on this appeal. If the trial judge believed that the witness had willfully testified falsely as to other material matters, he was not bound to accept his unsupported testimony as to the matter of these instructions, but was at liberty to wholly reject such testimony. In view of the findings, we must assume that he did so reject it. Rejecting such testimony, there remains only such evidence as to the authority of Moses Cerf as is furnished by the facts and circumstances surrounding the transaction.

While the appellants were not members of the firm of "Blochman & Cerf," they and Moses Cerf constituted the firm of "A. Blochman & Co.," doing business in the county

of San Luis Obispo, and the property affected by the deeds was apparently the property of this firm. Moses Cerf, as "Blochman & Cerf," had for some time previous to October 14, 1885, carried an unsecured account with plaintiff, and some time before that date, owing to a change in the bank's method of doing business, the balance due plaintiff thereon had been put into the form of promissory notes, payable one day after date. According to the testimony of Moses Cerf, Steinhart had informed him that he could not carry the accounts in their then form and unsecured any longer—that notes must be taken for large accounts, allowing for a small overdraft, and that the accounts must be carried in notes. It was in pursuance of this requirement that the first notes were given, and it was evidently contemplated that the account should be continued (as it was for several years thereafter), and that the notes should be renewed from time to time for such sums as might remain due to plaintiff,—in other words, that there should be a continuing account between the parties, and the balance due plaintiff thereon at all times evidenced by promissory notes to practically the whole extent thereof. It is apparent that it was this account, rather than any particular note, that plaintiff desired to have secured. It is not intimated that appellants were not fully aware of the course of dealing between their partner, Moses Cerf, and plaintiff.

While the matter of giving security was pending,—viz., on August 12, 1885,—appellant Ernest Cerf wrote to "Messrs Blochman & Cerf" a letter, signing the firm name "A. Blochman & Co." thereto, in reply to a letter of August 11th, in which, after acknowledging receipt of a letter of August 11th, he said: "In reference to the abstract of the building we herewith send you the title papers and will send you the abstract as soon as made out. . . . At any rate, you can assure . Mr. Steinhart that the property is free, no encumbrances of any kind being on it, the title perfect. So make Mr. Steinhart perfectly safe, and make him not feel any ways anxious about us; and for him to extend to us what further accommodations we need, we would suggest to give him a deed not only for the store and lot, but also to give him a deed for the Patrick ranch, which contains close on to 2,000 acres, and the San Jose ranch, containing close to 1,000 acres. . . . Should Mr. Steinhart conclude that he wants the deeds, telegraph and

we will have deeds and abstracts made and forwarded without delay. We don't want him no more than any one else to think or feel that his interests are in jeopardy, and we are ready and willing to place anything we have in his way to make him feel perfectly secure and beyond any doubt whatever."

The property referred to in this letter was the property described in the subsequently executed deeds. Moses Cerf received this letter in due course and delivered it to Steinhart. There is nothing to indicate that appellant Kaiser was not fully aware of the sending of this letter by his partner, and there was no intimation, so far as the record is concerned, that the letter had reference to any other matter than that of the giving of security for the indebtedness of "Blochman & Cerf."

On August 15, 1885, appellants executed and delivered to Moses Cerf a full general power of attorney. No explanation as to the reason for their giving such an instrument was given, and its execution at that time and under the circumstances then existing is a circumstance tending to show a desire on their part to fully accredit Moses Cerf as their representative in the matter then pending between him and plaintiff.

The deeds were signed and acknowledged by Moses Cerf on December 2, 1885, on which day a further advance of thirty-five hundred dollars was made to him and a note taken therefor. They were signed and acknowledged by appellant Kaiser in Santa Barbara County on December 8, 1885, and in San Francisco by appellant Ernest Cerf on December 14, 1885, when they were delivered to Moses Cerf by Ernest, and by him delivered to Steinhart.

From that time on to December, 1894, neither of the appellants intimated to plaintiff that it was their claim that their deeds constituted security for the original $34,300 notes only, and it was only when they were then asked by plaintiff to sign a written acknowledgment in accord with plaintiff's claim as to the object and purpose of the deeds, and they refused to so do, that any notice of their claim was given to plaintiff. During the greater part of this time Moses Cerf, in the name of "Blochman & Cerf," continued to deal with plaintiff as before. During the last five years of this silence on their part, the only notes enforceable against their inter-

est, according to their theory, could no longer be enforced because they had been paid or replaced by new notes for the balance due thereon, and if their claim be well founded in fact, they were, without complaint, allowing plaintiff to hold the apparent legal title to their land, without any right whatever. Their conduct here was a circumstance which might well be claimed to be consistent only with an understanding on their part that they had executed the deeds as security for something in addition to the $34,300 notes.

All these circumstances, taken in connection with the admitted fact that the deeds were in fact executed by appellants to be delivered by Moses Cerf as security for an indebtedness of his own, are, in our judgment, entirely sufficient to support a conclusion that appellants authorized the delivery of the deeds as security for all future as well as all existing indebtedness, and intended that they should be so delivered.

It cannot be doubted that where the authority of an agent is unwritten, and express oral authority is not satisfactorily shown, such authority may be implied from acts and circumstances shown. (See Reinhard on Agency, sec. 203.) Where an agent is expressly authorized to deliver deeds absolute on their face as security for his own indebtedness, as is admitted here, and no express limitation is placed upon him as to the particular indebtedness to be secured thereby, as the court was at liberty to conclude was the case here, any arrangement as to amount, terms, and character of his indebtedness to be so secured which, under the circumstances existing, would not be unreasonable would appear to be within the authority conferred. Such a case would seem to be somewhat analogous to the case of one who signs a paper with certain blanks to be filled, and intrusts it to another for delivery, with the understanding that he is to fill such blanks. Authority to fill the blanks without express limitation as to the manner would imply authority to fill them in any way that would not, under the circumstances, be unreasonable. The arrangement here made by Moses Cerf as to the indebtedness to be secured by these deeds was just such an arrangement as might reasonably have been contemplated by parties knowing the course of dealing between him and plaintiff and the probable object of requiring any security. The facts and circumstances already detailed, taken together, are sufficient to support a con-

clusion that appellants contemplated the very arrangement made, and delivered the deeds to Moses Cerf with that understanding; in other words, that Moses Cerf had actual authority from them to deliver the deeds upon the conditions and terms upon which he is found to have delivered them.

This practically disposes of the appeal. The delivery of the deeds upon the terms and conditions stated having been fully authorized, appellants' interest in the land therein described stood as security for the payment of all future indebtedness of "Blochman & Cerf" to plaintiff, in whatever form the same might exist. Various other objections to this conclusion made by appellants, based upon propositions as to the law of guaranty, suretyship, and the statute of limitations, are fully answered by the decision of this court in *Sather Banking Co.* v. *Briggs Co.,* 138 Cal. 724, [72 Pac. 352], there being no material distinction between the position of the defendant Butler in that case and the position of the appellants here.

The objection that the action could not be maintained by plaintiff, but should have been brought by the grantee named in the deeds, has been answered in the opinion filed in the matter of the appeal of Moses Cerf from the order denying his motion for a new trial.

The order appealed from is affirmed.

Shaw, J., and Van Dyke, J., concurred.

Hearing in Bank denied.