[L. A. No. 4093. Department One.—December 11, 1917.]

CHARLES H. FULLER, Respondent, v. PRESTON B. FULLER, Appellant.

EJECTMENT—PLEADING—COMPLAINT — HOMESTEAD ENTRY—POSSESSION. A complaint in ejectment which alleges that plaintiff was lawfully in possession as a homestead entryman under the laws of the United States and had title as such homestead entryman and was ousted by the defendant is sufficient.

ID.—PLEADING — COMPLAINT — POSSESSION BY PLAINTIFF.—In an action of ejectment it is sufficient to allege that plaintiff was in possession when he was ousted by the defendant.

ID.—PUBLIC LANDS — HOMESTEAD ENTRY — COURTS — JURISDICTION OF STATE COURTS.—The state courts have jurisdiction to determine conflicting claims to the possession of public land after a homestead entry has been made.

APPEAL from a judgment of the Superior Court of San Diego County. W. A. Sloane, Judge.

The facts are stated in the opinion of the court.

H. N. Dyke, for Appellant.

E. L. Hotchkiss, for Respondent.

SLOSS, J.—Judgment went for plaintiff in this action to recover possession of a tract of land in San Diego County. The defendant appeals on the judgment-roll.

The complaint alleged that on February 13, 1912, plaintiff was lawfully in possession of and had title to, as a homestead entryman under the laws of the United States, the property in controversy; that ever since said date plaintiff has been and now is entitled to the possession of said land, and has

held and now holds title thereto as such homestead entryman. That on or about December 4, 1913, while plaintiff was in possession of and entitled to the possession of, and had title to said land, as such homestead entryman, the defendant wrongfully entered into possession of a portion of the land and ousted plaintiff therefrom, and now wrongfully withholds possession thereof.

The defendant demurred on the grounds that the complaint did not state facts sufficient to constitute a cause of action, and that the court had no jurisdiction of the subject matter. It is urged that error was committed in overruling the demurrer.

In support of the first, or general, ground, it is argued that there is no proper averment of facts showing the nature and extent of the title claimed by plaintiff. We see no force in the objection. It has been held, in this state, that it is sufficient, in an action of this character, to allege that plaintiff was in possession of the land when he was ousted by defendant. (*Hutchinson* v. *Perley*, 4 Cal. 33, [60 Am. Dec. 578].) But if it be necessary that he allege his ownership, he complies with the requirement when he pleads that he has title as entryman under the homestead laws of the United States. The fee being in the United States, the only interest which the plaintiff could have was his possession, and the right of purchase vested in him as entryman. (*Malony* v. *Adsit*, 175 U. S. 281, [44 L. Ed. 163, 20 Sup. Ct. Rep. 115].) This interest the complaint described in terms which amounted to an allegation of ultimate fact, rather than, as appellant claims, a conclusion of law. (See *Malony* v. *Adsit, supra.*)

The point that the state courts are without jurisdiction to determine conflicting claims to the possession of land after a homestead entry has been made is without merit. (*Gauthier* v. *Morrison*, 232 U. S. 452, 461, [58 L. Ed. 680, 34 Sup. Ct. Rep. 384]; *Whittaker* v. *Pendola*, 78 Cal. 296, [20 Pac. 680]; *Thompson* v. *Basler*, 148 Cal. 646, [113 Am. St. Rep. 321, 84 Pac. 161]; 32 Cyc. 833.)

Appellant makes no other contention that is worthy of notice.

The judgment is affirmed.

Shaw, J., and Lawlor, J., concurred.