[L. A. No. 14042. In Bank.—June 28, 1934.]

LOUIS H. SMITH et al., Respondents, v. PAUL SCHUTT-PELZ et al., Defendants, and FIRST NATIONAL BANK OF EAST SAN GABRIEL (a National Banking Association), Appellant.

Michael G. Luddy for Appellant.

H. Sidney Laughlin for Respondents.

WASTE, C. J.—This is an appeal by the defendant bank from a money judgment entered in favor of the plaintiffs in the sum of $3,575.63 and costs.

The complaint sounds in damages for fraud. In the first cause of action it is alleged, in substance, that plaintiffs entered into an agreement in writing under the terms of which they were to purchase certain real property from the defendant Schuttpelz who, upon completion of the stipulated payments, was to execute and deliver a good and sufficient deed thereto; that plaintiffs executed the contract and made payments thereunder in reliance upon certain representations made to them by the defendant Threlkeld and the defendant bank, alleged agents of Schuttpelz; that the defendant Threlkeld, as president of the defendant bank, represented that Schuttpelz was the owner of the property and it would not therefore be necessary to go through escrow or to have a title search; that in fact the defendant Schuttpelz did not have title to the property; that the property was owned by and the title thereto was in one Faris; that the only interest which defendant Schuttpelz had in the property was that of a vendee under a contract of purchase entered into with Faris; that the defendant Threlkeld at the time of making the representations above set forth had actual knowledge of the condition of the title to the property; that in reliance upon such representations the plaintiffs executed the written agreement, entered into possession of the property, erected improvements thereon, and completed their payments under the agreement, which payments were made

at the defendant bank; that defendant Schuttpelz was unable and failed to transfer title as agreed; and that plaintiffs thereupon duly rescinded the agreement.

A further cause of action for all material purposes is substantially the same, the plaintiffs being therein designated as the assignees of a contract procured under similar circumstances and covering a separate parcel of property. The defendant Schuttpelz defaulted.

At the conclusion of the trial the court below found in substantial compliance with the allegations of the complaint and gave judgment for the plaintiffs in the sum above mentioned. As already indicated, the bank alone has appealed, contending that the findings generally are without support in the evidence and, specifically, that if and when the defendant Threlkeld made the representations complained of he was speaking and acting in his individual capacity and not as an authorized officer and agent of the bank. It is also urged that the record is destitute of evidence tending to establish an agency relationship between the bank and Schuttpelz.

It would serve no useful purpose to review the evidence at length in an effort to point out wherein it supports the several findings of fact assailed by the appellant. Suffice it to say that there is substantial evidence in the record to support the findings material and essential to a recovery by the plaintiffs. The record is replete with evidence indicating that the nonappealing defendant Threlkeld had, contrary to the facts of which he had actual knowledge, represented to the plaintiffs and to their predecessor in interest under the contract referred to in the second cause of action that title to the respective parcels was in the defendant Schuttpelz and that it was not therefore necessary to go through escrow or to have a title search. The findings that the defendant bank and Threlkeld were acting as the agents of Schuttpelz and that Threlkeld, when making the representations, was acting as an officer of the bank and not in his individual capacity, are equally substantiated by the record. There is evidence to the effect that the plaintiffs and their predecessor in interest first became interested in the respective properties through a real estate agent; that said real estate agent had been theretofore in-

formed by Schuttpelz to negotiate any sale of the properties ''through this [defendant] bank of his''; that the real estate agent thereupon referred plaintiffs and their predecessor in interest to the defendant bank to negotiate the purchases; that the respective contracts were prepared at the bank and submitted to the prospective purchasers by the defendant Threlkeld, president of the bank; that they were executed by plaintiffs and their predecessor in interest at the bank after the making of, and solely in reliance upon, Threlkeld's representations; that payments under the contracts were made at the defendant bank; and that the defendant bank was compensated by Schuttpelz for the collection of such installment payments. Throughout their testimony the plaintiffs and their predecessor in interest declared that they relied upon the representations of the ''bank'' when they executed the contracts. ▮ This evidence, together with certain written communications, introduced in evidence, which passed between the purported purchasers and the bank as to future delivery of the deeds by Schuttpelz, definitely indicates that the defendant bank, speaking and acting through its president, the defendant Threlkeld, negotiated for the sale of these properties as the agent of the defaulting defendant Schuttpelz. Under the circumstances, plaintiffs and their predecessor in interest were warranted in accepting the bank as such agent. The relation of agency need not depend upon express appointment and acceptance thereof, but it may be, and frequently is, implied from the words and conduct of the parties and the circumstances of the particular case.

▮ The fact that plaintiffs and their predecessor in interest subsequently executed quitclaim deeds of their interest, if any, in the properties to the true owner, did not serve to deprive them of their right to recover damages for the fraud practiced upon them by the defendants. Prior to the execution of these quitclaim deeds the true owner had commenced actions to foreclose and declare forfeited certain prior contracts of purchase and to foreclose all rights of certain named defendants, among them being the plaintiffs herein and their predecessor in interest, in and to the properties here involved. To this action the

plaintiffs and their predecessor in interest had no defense inasmuch as they claimed under the defaulted contracts being forfeited and foreclosed. In consideration for the execution and delivery of the quitclaim deeds, partial compensation was made for the improvements theretofore placed on the properties by plaintiffs and their predecessor in interest. Plaintiffs did not thereby lose their right to recover damages for the fraud of the defendants.

Contrary to the appellant's contention, mathematical computation discloses that the court below in determining the amount of the judgment made due allowance for the reasonable rental value of the properties for the period of occupancy by the plaintiffs and their predecessor in interest, and also made due allowance for the sums received from the true owner for the improvements placed on the properties.

We find nothing in the record warranting a reversal.

The judgment is affirmed.

Curtis, J., Preston, J., Langdon, J., and Shenk, J., concurred.