[Civ. No. 8067. Third Dist. Apr. 25, 1952.]

ORRIS McKEE, Respondent, v. ROY MIRES et al., Defendants; WALLACE LYNN et al., Appellants.

Hiram R. Baker and John G. Evans for Appellants.

Carr & Kennedy for Respondent.

SCHOTTKY, J. pro tem.—Plaintiff brought this action to recover the value of petroleum products delivered, and used by a gold mining dredge operated in Trinity County. The action was against the defendants individually, and against the defendants doing business as Crescent Gold Dredging Company, a copartnership. The complaint set forth three causes. The first count alleged an oral contract to pay plaintiff the reasonable value of gas, oil, and Diesel fuel delivered by him to defendants, and that there remained unpaid the sum of $1,236.08. The second cause was a common count upon a "mutual, open and current book account for goods, wares and merchandise." The third cause was a common count for goods sold and delivered. The complaint was

amended to conform to proof as follows: "That defendants, and each of them, by their spoken and written words and conduct, have at all times herein mentioned represented themselves and consented to each other representing themselves to various creditors and to plaintiff as partners in an existing partnership, and in reliance thereon plaintiff on the faith of such representation has given credit as hereinabove alleged to all of said defendants under the belief that there is and was an actual and apparent partnership, and said representations were made and consented to be made by said defendants in a public manner."

Findings of fact were favorable to plaintiff, and judgment was thereafter entered against all defendants. Defendants Lynn and Rising appeal from the judgment.

The principal contention of appellants is that the evidence is insufficient to establish their liability. Bearing in mind the familiar rule that when a judgment is attacked as being unsupported by the evidence the power of the appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the conclusion reached by the trial court, we shall give a brief summary of the evidence as shown by the record.

The facts are somewhat similar to those involved in *Gerlinger Foundry & Mach. Works, Inc.* v. *Crescent Gold Dredging Co.*, 108 Cal.App.2d 185 [238 P.2d 608] (hearing denied), recently decided by this court. The same dredging operation and same parties defendant were involved in that case.

Defendants Roy Mires and Joseph H. Garner owned and operated a dredge on Coffee Creek in Trinity County. Prior to the fuel deliveries for which suit was filed, appellants Rising and Lynn entered into an option contract dated October 18, 1949, providing that appellants were given an option to acquire an interest in the gold mining operation conducted by Mires and Garner for a consideration of $12,500 and an extension of the indebtedness then owed by Mires and Garner. Under the agreement, if the option was exercised the business would be incorporated under the name of "Crescent Gold Dredging Company." The agreement provided: "It is expressly understood and agreed that Lynn and Rising are not, nor do they become by the execution of this agreement, copartners with the said Mires and Garner in their copartnership operations, and it is further understood and

agreed that the said Lynn and Rising are not assuming any liability of any nature whatsoever concerning said copartnership, or its operations, save and except as may in writing be authorized by them.'' The option was never exercised. However, a bank account was established for the purpose of conducting preliminary dredging operations. In this connection appellant Lynn testified:

''Q. Did you or Rising give any instructions to anyone or make arrangements with anyone to proceed to get the dredge operating prior to the signing of an agreement? A. Yes, we did, because we didn't have the agreement. We told Andrews [an accountant], I think it was, to set up the bank account and to disburse the money or pay it out as he was instructed by Mires and Garner, or Mires.''

This account was opened in the name of the ''Crescent Gold Dredging Company.''

After the above arrangements the respondent discussed deliveries with appellant Rising. The respondent testified as follows:

''Q. Now did Rising tell you anything about this Crescent Gold Dredging Company? A. He said that they were forming a new company and he mentioned that Mr. Lynn was in it but he was out at that time.

''Q. Did he state anything else that you remember? A. He told me that he would personally see that my bills were all paid.''

Respondent also testified that appellant Rising did not place a limit on anybody's authority to order oil, or limit the amount of oil that could be delivered, and that he was specifically informed by appellant Rising that Donaldson, Thomas, or Mires had authority to order fuel.

The unpaid oil bills represented deliveries made between the 22d and the 31st of October, 1949. From October 4th through the 19th of October, 1949. deliveries were made in the amounts of $604, $604.49, $457.82, $369.87 and $332.13. These amounts were paid by check from Crescent Gold Dredging Company and signed by Mr. Andrews.

It appears that prior to the date of the option contract, respondent had furnished fuel to defendants Mires and Garner and that respondent notified said defendants that their credit rating was bad and that they could not have any more deliveries of fuel on credit. The last delivery was made to Mires and Garner on August 14, 1949.

Appellants first contend that the evidence is insufficient to support a finding of an actual copartnership, but in view

of the fact that the court did not make a finding of actual partnership this contention becomes immaterial and need not be discussed.

■ Appellants next contend the evidence is insufficient to show a partnership by estoppel. The court found: "That it is also true that defendants, Wallace Lynn, Stanley Reising, Roy Mires and J. H. Garner, and each of them, by their written words and conduct, did at all times, mentioned in plaintiff's complaint, represent themselves and consent to each other representing themselves, to various creditors and the plaintiff, as partners in an existing partnership entitled Crescent Gold Dredging Company; and in reliance thereon plaintiff on the faith of such representations gave credit to said defendants, and each of them, under the belief that there was an actual and apparent partnership existing between said defendants, and the said representation of each of said defendants was made and consented to be made by said defendants and each of them in a public manner."

Section 15016 of the Corporations Code provides: "When a person, by words spoken or written or by conduct, represents himself, or consents to another representing him to anyone, as a partner in an existing partnership or with one or more persons not actual partners, he is liable to any such person to whom such representation has been made, who has, on the faith of such representation, given credit to the actual or apparent partnership. . . ."

We believe that the declarations, acts and conduct of appellants, as shown by the record, amply support the above findings of the court. While it is true, as stated in section 2334 of the Civil Code, that "A principal is bound by acts of his agent, under a merely ostensible authority, to those persons only who have in good faith . . . incurred a liability or parted with value, upon the faith thereof," we are satisfied that upon the record here and in view of the authorities cited in *Gerlinger Foundry & Mach. Works, Inc.* v. *Crescent Gold Dredging Co., supra,* the court was fully justified in concluding that appellants invested Donaldson and Mires with apparent authority to buy supplies for the operation of the dredge upon the credit of appellants.

Appellants argue, also, that Rising is not liable as a guarantor by stating to respondent that he would pay the fuel bills since any promise to be responsible for the debt, default or miscarriage of another must be in writing pursuant to

section 1624(2) of the Civil Code. There is no finding that appellant Rising was a guarantor, but the court found "That in making the promise to see that plaintiff was personally paid for his delivery of goods, defendant Stanley Reising did not promise to answer for the debt, default or miscarriage of any of the defendants, but made said promise under authority given by all of said defendants to personally bind them to the contract. . . . ."

Appellants next contend that the court committed prejudicial error in allowing respondent to testify as to conversations between respondent, defendants Mires and Garner, and one Donaldson which were outside the presence of appellants. Respondent testified that Donaldson requested him to deliver a load of oil to the dredge. Appellants objected to this testimony upon the ground that the declarations of an agent are not admissible unless a foundation is laid to show the fact of agency.

However, the record shows that appellant Lynn testified that appellants hired an engineering company to investigate the dredging operations, and that the company sent Donaldson to do this work. Defendant Mires testified that Thomas, the dredge master, and Donaldson prepared the payrolls for the operation, and respondent testified that appellant Rising informed him that Donaldson was authorized to order fuel. Under the circumstances shown by the record the conversations objected to were admissible as there was sufficient evidence to indicate that Donaldson was an employee or agent of appellants.

Appellants' final contention is that the court committed prejudicial error in permitting the amendment to the complaint. It is urged that the proposed amendment did not conform to rule 4, Superior Court Rules, in that it did not designate the page and lines of the prior pleading which was to be amended; that the procedures for amendments prescribed in sections 472, 1005 and 1010 of the Code of Civil Procedure, and rule 3(a), Rules of Superior Courts, were not complied with in that no motion was served and filed and no notice of hearing thereon given; and that the amendment alleged conclusions of law.

An amendment which in substance is identical to the amendment quoted above was offered at the commencement of trial. The amendment above quoted was offered at the conclusion of the case to conform to proof. The respondent points out that the amendment to conform to proof designated the line,

page and paragraph of the complaint; and · that since the motion was made in open court it was unnecessary to serve and file the motion.

■ We are unable to perceive how appellants could suffer prejudice by reason of the allowance of the amendment because they were sued individually and as partners in the original complaint. The finding that they were ostensible partners is supported by the record and there was no error in permitting the complaint to be amended to conform to proof as was done in the instant case. The facts and circumstances of the transactions between the parties was gone into fully and appellants had abundant opportunity to refute all issues raised by the amended pleading. They were in no way misled or prejudiced by the amendment. ■■ As was said in *Carman* v. *Athearn,* 77 Cal.App.2d 585, at page 594 [175 P.2d 926] :

"The allowance of amendments to conform to the proof rests in the sound discretion of the trial court. This is so even where, as here, the motion is not made until after submission of the cause. (*Stoops* v. *Pistachio,* 70 Cal.App. 772 [234 P. 423] ; *Lee* v. *Murphy,* 119 Cal. 364 [51 P. 549, 955] ; §§ 469 and 470, Code of Civil Procedure; see cases collected 21 Cal. Jur. p. 211, § 144.) The greatest liberality is to be encouraged in the allowance of such amendments in order to see that justice is done. (See cases collected 21 Cal.Jur. p. 209, § 143.)"

In view of the foregoing the judgment is affirmed.

Peek, J., and Van Dyke, J., concurred.