[Civ. No. 8127. Third Dist. July 30, 1952.]

ARDEN CRABBE, Respondent, v. ROY MIRES et al., Defendants; WALLACE LYNN et al., Appellants.

John G. Evans for Appellants.

Carr & Kennedy for Respondent.

SCHOTTKY, J. pro tem.—Plaintiff commenced an action to recover for certain equipment and dredging supplies delivered to and used by a gold mining dredge operated in Trinity County. The action was against defendants individually and also against defendants doing business as Crescent Gold Dredging Company, a copartnership. Plaintiff's complaint contained three causes of action. The first was for the reasonable value of goods sold and delivered to defendants as actual partners and also as ostensible partners; the second was upon an open book account; and the third was upon an oral contract. Only the defendants Lynn and Rising have appealed from said judgment.

The facts in the instant case are quite similar to those involved in *Gerlinger Foundry & Mach. Works, Inc.* v. *Crescent Gold Dredging Co.*, 108 Cal.App.2d 185 [238 P.2d 608] (hear-

ing denied) and *McKee* v. *Mires,* 110 Cal.App.2d 517 [242 P.2d 954], both decided recently by this court. Appellants refer to these cases in their brief and state that:

"The factual situations are almost identical and many of the legal issues therein are involved in the present appeal, as all three cases stem out of the operation of said mining claims and dredge by the defendants Mires and Garner."

The principal contention of appellants is that the findings and judgment are not supported by the evidence either upon the theory of actual partnership or ostensible partnership. The court not only found that appellants were copartners with defendants Mires and Garner in the operation of said dredge but also found that all of said defendants "by their spoken and written words and conduct represented themselves and consented to each other representing themselves to various creditors and to plaintiff as partners in an existing partnership, and in reliance thereon plaintiff, on the faith of such representations gave credit to Roy Mires, J. H. Garner, Wallace Lynn and Stanley Rising under the belief that there was an actual and apparent partnership, and it is further true that said representations were made and consented to be made by all of said defendants in a public manner."

We have read the record carefully and, bearing in mind the familiar rule that when a judgment is attacked as being unsupported by the evidence the power of the appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the conclusions reached by the trial court, we are satisfied that the record amply supports the judgment.

The testimony of plaintiff, concerning the sale, is that Mires made the credit arrangements with him, stating they had new capital put up by Lynn and Rising to enable the dredge to be repaired and operations continued; that Mires stated there would be a new company by the name of Crescent Gold Dredging Company formed, but did not specify the form of organization thereof (corporation or partnership).

There was no specific representation this company was already in existence, the plaintiff testifying he apparently assumed it was in view of the deposit being in the name of the Crescent Gold Dredging Company. Concerning his telephonic inquiry of the Anglo Bank in San Francisco, for the credit information he was interested in, to wit, the money available to pay for Mires' proposed purchase, plaintiff told

the bank's agent, DeMartin, that he was about to give $1,000 credit to Crescent Gold Dredging Company and DeMartin told him that there was a substantial sum on deposit to that account and that in his (DeMartin's) opinion it was a safe risk.

Appellant Rising testified that Lynn had authorized Mires to make purchases within limitations; Lynn stated he was active in arranging the details of transferring the Mires and Garner gold license to the Crescent Gold Dredging Company; Lynn purchased a tank for the dredging operations; Rising personally went to Redding to arrange credit with Standard Oil and Orris McKee, a fuel dealer; and Mires received a letter from the appellants stating they no longer would be responsible for any debts of the dredging deal.

■ We believe that the following language of the court in *Bedell* v. *Morris,* 63 Cal.App. 453 at page 455 [218 P. 769] is applicable:

". . . Representations or acts need not be actuated by the actual intent to deceive; it is sufficient if the course of conduct is such as to induce a reasonable and prudent man to believe that which the conduct would imply. The proposition is well supported by decisions and learned text-writers (*Seymour* v. *Oelrichs,* 156 Cal. 782 [106 P. 88, 134 Am.St.Rep. 154]; *Carpy* v. *Dowdell,* 115 Cal. 677 [47 P. 695]; *Dickerson* v. *Colgrove,* 100 U.S. [578], 580 [25 L.Ed. 618, see, also, Rose's U. S. Notes]; 2 Pomeroy's Equity Jurisprudence, 4th ed. p. 1645.) It does not seem to be questioned but that James and Rueger [plaintiff's assignors] extended further credit to the company in view of the fact that Jacob C. Morris was identified with the business. They so testified, and we have nothing in contradiction thereof. This being so, the only question remaining is whether or not the acts and conduct of Jacob C. Morris were sufficient to lead James and Rueger to believe he was a copartner and assumed responsibility as such. This was a question of fact to be determined by the trial court upon the hearing."

■ And as this court said in *Gaine* v. *Austin,* 58 Cal. App.2d 250 at 261 [136 P.2d 584]:

"An agent's authority may be proved by circumstantial evidence (*MacDonnell* v. *California Lands Inc.,* 15 Cal.2d 344, 347 [101 P.2d 479]; *Sweet* v. *Watson's Nursery,* 33 Cal.App. 2d 699, 704 [92 P.2d 812]; *Smith* v. *Schuttpelz,* 1 Cal.2d 158, 161 [33 P.2d 836]); and it may likewise be implied from

circumstances (*Robinson* v. *American Fish etc. Co.*, 17 Cal. App. 212, 217-219 [119 P. 388]; *Anglo-Californian Bank* v. *Cerf*, 147 Cal. 393, 399 [81 P. 1081]).

"As to the ostensible agency of Torp, section 2300 of the Civil Code provides that 'An agency is ostensible when the principal intentionally, or by want of ordinary care, causes a third person to believe another to be his agent who is not really employed by him'; and under section 2317, 'Ostensible authority is such as a principal, intentionally or by want of ordinary care, causes or allows a third person to believe the agent to possess.'"

See, also, *Gerlinger Foundry & Mach. Works, Inc.* v. *Crescent Gold Dredging Co.* and *McKee* v. *Mires, supra.*

■ Appellants contend also that the court erred in admitting certain evidence and denying motions to strike some. The first of this testimony is that of appellants Lynn and Rising as witnesses under Code of Civil Procedure, section 2055. The testimony was of conversations had during the negotiations leading up to the option agreement. This evidence was offered by respondent to show that Mires went to Redding immediately after the execution of the agreement to make certain arrangements and Rising knew that Mires and Garner Company had lost its credit and needed funds; "that arrangements were made to permit him to go back and to make new purchases and to refer the creditors to this new company and new arrangement, and we want to show the knowledge on the part of Lynn and Rising, first of the condition of this company as a basis for the credit arrangement."

Appellants contend that this evidence was irrelevant and also that its admission violated the parol evidence rule. However, we believe that respondent is correct in his contention that this being a case of ostensible authority, these conversations of Mires and Rising in connection with purchases and negotiations for the reestablishing of the dredging operation were admissible to show the reasonable appearances upon which respondent acted. We believe also that conversations between defendant Mires and respondent were properly admitted for the same reason.

■ Appellant next contends that a letter from Andrews, the accountant, to Mires, in which the appellants disclaimed any further responsibility for debts on the dredging deal after date, was improperly admitted because it was hearsay as to appellants and no foundation had been laid to show

the authority of Mires, Andrews, or the bank employee to bind appellant.

We believe that the letter was properly admitted as a declaration of all the defendants and also to show the respondent acted reasonably in assuming the existence of a partnership. Furthermore the testimony of appellant Lynn states Andrews was authorized to write the letter.

██ Appellants' final contention is that the allowance of interest upon respondent's claim was error, stating that respondent sought recovery on the basis of reasonable value. They cite *Continental Rubber Works* v. *Bernson,* 91 Cal.App. 636 [267 P. 553], which does not support their contention, as it states at page 638:

"When damages are capable of ascertainment by calculation or by reference to well-established market values, together with computation, interest is allowable from the time the damages fall due."

As hereinbefore stated, there were three causes of action, the first being for the reasonable value, the second upon an open book account, and the third upon an oral contract, and the court found in favor of respondent on all three. There was no error in the allowance of interest. (Civ. Code, § 3287.)

In view of the foregoing, we are satisfied that the record fully supports the conclusions of the trial court, that no prejudicial error was committed, and that the judgment should be and it is hereby affirmed.

Adams, P. J., and Van Dyke, J., concurred.